21678. FIRST NATIONAL BANK OF BLAKELY *v.* CHIPSTEAD.

STEPHENS, J. 1. Upon the trial of a suit upon a promissory note, where the defendant pleaded that he executed it as a surety, and had been discharged as surety by a contract between the payee and the maker which without his consent extended the time of payment, and where there was evidence that, although the note according to its terms drew interest only from maturity, it was executed one year before the date of its maturity and was given for a loan of money made by the payee to the maker, and that the interest upon the amount of the loan from the date of the loan to the date of the maturity of the note was included in the principal, the amount loaned being $1,000 and the interest for one year $80, and the amount of principal recited in the note being $1080, a payment by the maker to the payee a few days before maturity of the note, in a sum equivalent to the amount of interest on the loan ($80) from the date of the execution of the note to the date of its maturity, where this sum of money was credited by the payee as "interest," and where there was evidence to authorize the inference that there was no contract or agreement between the payee and the maker extending the time of payment of the note, the inference is not demanded, as a matter of law, that the payment of the sum of money as "interest," as was held in *Short* v. *Jordan,* 39 *Ga. App.* 45 (2) (146 S. E. 31), operated automatically as a contract extending the time of payment on the note, and, being made without the surety's consent, discharged him.

2. Where the court charged the jury that if they believed from the evidence that the note bore interest from maturity, and that the maker paid to the payee a sum of money as interest, "and there was no interest then due on the note, such payment would have the legal effect of extending the time of such note," and that if the jury should believe that the defendant was a surety on the note he would be discharged, the charge was

error in that it instructed the jury that, although there may have been no contract or agreement between the payee and the maker, extending the time of payment, the payment of the sum of money as interest dischargd the surety, since, as indicated in the preceding paragraph, the evidence authorized the inference that the payment of $80 was not intended to cover interest after maturity on the $1080 note, but was intended merely as payment of the interest (amounting to $80) as included in the note, and in the latter case the payment would not have operated to extend the maturity in the absence of an agreement to that effect.

3. The court erred in not sustaining the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 5, 1932.

*Pottle, Hardwick, Farkas & Cobb,* for plaintiff.

*A. H. Gray,* for defendant.