## 56252. HART et al. v. DeLOWE PARTNERS, LTD.

SHULMAN, Judge.

Nonresident appellants, the Quistgaards, executed a promissory note in favor of appellee-DeLowe Partners, Ltd., to purchase apartment property. The indebtedness was secured by a deed on the property. This property was subsequently sold to Areawide Enterprises, Inc. As a part of the sales agreement, Areawide assumed and agreed to pay appellant's outstanding indebtedness against the property, evidenced by the above-mentioned note and deed to secure debt. Upon Areawide's default, appellee brought suit against the appellants as original makers to enforce the original obligation, and against Areawide and DeLowe Gardens, Ltd., a subsequent grantee. The Quistgaards appeal from an order finding them subject to personal jurisdiction and entering summary judgment in favor of appellee-holder of the note.

1. Appellants, citing *Hemphill v. Con-Chem, Inc.,* 128 Ga. App. 590 (197 SE2d 457) and *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459), urge that the trial court erred procedurally by disposing of their motion to dismiss "in the same summary and peremptory manner in which it ruled on the motion for summary judgment." This argument must fail.

We are in agreement with appellants' basic premise. Because jurisdictional questions are matters in abatement, such questions are not properly resolved on motion for summary judgment. *Wyco, Inc. v. Bosce Die Casting Co.,* 141 Ga. App. 628 (234 SE2d 172); *Larwin Mtg. Investors v. Delta Equities,* 129 Ga. App. 769 (201 SE2d 187). We do not agree, however, that the trial court determined the question of personal jurisdiction on motion for summary judgment. The jurisdictional question was decided on appellants' own motion to dismiss, which motion was "sufficient in its substance to have brought into the hearing on it the clear-cut issue raised by the plea to the jurisdiction. . ." *Lamex, Inc. v. Sterling Extruder Corp.,* 109 Ga. App. 92, 93 (1) (135 SE2d 445). The order denying the motion to dismiss expressly referred to the motion and stated that the ruling was made after oral argument on the issue and after consideration

of the pleadings, affidavits and depositions. This comports with the procedural requirements that a motion to dismiss be determined in accordance with Code Ann. §§ 81A-112 (d) and 81A-143 (b). See *Rainwater v. Vazquez,* 135 Ga. App. 463 (218 SE2d 108). Accordingly, appellants' conclusion that the trial court committed reversible error by deciding the jurisdictional issue on summary judgment does not follow.

2. Appellants' counsel argues that the Quistgaards had virtually no contact with this state: the Quistgaards are nonresidents who never came to Georgia; they executed the note and security deed in Washington State and mailed the note and security deed to Georgia; all other contact with this state was accomplished by telephone or mail, and all of the closing transactions and recordations were effected by the co-owner's attorney. It is submitted that the trial court was not authorized to find that jurisdiction existed under the facts of this case. We disagree.

A. We reject appellants' argument that in personam jurisdiction may not be predicated on appellants' "ownership, use or possession of property" (see Code Ann. § 24-113.1 (d)) because nonresident appellants no longer own the property. The fact that appellants divested themselves of their interest in the property prior to the filing of appellee's complaint will not defeat the exercise of jurisdiction if such an exercise is otherwise constitutionally permissible. *Cox v. Long,* 143 Ga. App. 182 (237 SE2d 672). The Long Arm Statute does not require that ownership, use or possession exist at the time an action is commenced. Rather, the statute merely requires that cause of action arise from the ownership, use or possession of real property situated within this state.

B. In *Cox v. Long,* supra, this court held that in personam jurisdiction could be exercised pursuant to our Long Arm Statute when the cause of action arose from the defendant's sale of defendant's Georgia realty. There, by owning land in Georgia, the defendant had invoked the benefits and protection of Georgia's law of real property, including as an incident of ownership the right to sell the property. Attaching to ownership rights was the

concomitant obligation to defend a suit in Georgia concerning an alleged breach of the sales contract. Accord, Peterson v. Ely, 279 Or. 581 (569 P2d 1059). Thus, under the provision of our Long Arm Statute referring to the ownership, use or possession of Georgia realty, jurisdictional requirements are satisfied when a substantial connection or nexus exists between the basis of the controversy and the property within this state.

C. The mere fact of title ownership of realty in Georgia will not support the exercise of personal jurisdiction. Jurisdiction must be predicated on the existence of ties among the defendants, this state, and the litigation, so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Shaffer v. Heitner, 433 U. S. 186.

The instant case involves a suit on a note executed by nonresident purchasers for the purpose of becoming record title owners in improved Georgia realty. Since the note was executed by the nonresident purchasers with full knowledge that the note would be used in conjunction with, and an integral part of, a Georgia real estate transaction, a substantial enough connection with this state existed so as to make the exercise of jurisdiction over the nonresident defendants reasonable. Because we find that Code Ann. § 24-113.1 (d) confers jurisdictional basis consistent with constitutional requirements, it is unnecessary to determine whether jurisdiction could also be predicated on Code Ann. § 24-113.1 (a).

3. In support of its motion for summary judgment, plaintiff-movant submitted the affidavit of the current president of the general partner of appellee-limited partnership. The affidavit recited that "the Plaintiff [appellee] has never agreed with any person, firm or corporation, including the Defendants, that any payment due or to become due to the Plaintiff pursuant to the terms of the Promissory Note could be paid at a later time or in any different manner or amount than that as set forth in the Promissory Note." Appellee submits that this affidavit, in conjunction with unrefuted evidence of appellants' execution of the note sued on and subsequent default thereon by appellants' grantee (Areawide/DeLowe Gardens), demanded summary judgment

in its favor. See *LDH Properties, Inc. v. Morgan Guaranty &c. Co. of N. Y.,* 145 Ga. App. 132 (1) (243 SE2d 278).

Because we find genuine issues as to material fact, we must take issue with appellee's position and reverse the grant of summary judgment.

Appellants raised an issuable defense. In opposition to the motion for summary judgment, appellants argued that Areawide's assumption and agreement to pay the appellants' outstanding indebtedness against the property, in conjunction with appellee's assent to the same, changed appellants' status from that of principal obligor to that of surety by operation of law. See *Stapler v. Anderson,* 177 Ga. 434 (170 SE 498), and *Alropa Corp. v. Snyder,* 182 Ga. 305 (185 SE 352).

By way of the pleadings, affidavits and depositions, evidence was presented that appellee had accelerated Areawide's obligation on default and had commenced foreclosure proceedings, and that appellee had, unilaterally and without consent of appellants, withdrawn the foreclosure and reinstated the loan. Evidence was produced that the loan was reinstated upon payment to appellee's attorney of the costs of foreclosure and a payment to appellee in excess of the amount owed for arrearages. Appellants argue that this evidence would authorize a finding that when appellee accepted such foreclosure costs and additional sums constituting prepayment of principal and interest in excess of the amounts owed for arrearages on Areawide's debt, it agreed to forbear, for value received, the rights to accelerate and foreclose which had existed by reason of Areawide's default, and that appellee was thereby legally precluded from taking further action until Areawide's subsequent default. It is submitted that a jury issue existed as to whether appellee's action in allowing the default to be cured not only bound appellee, but also deprived appellants of the right to pursue their remedies concerning Areawide's original default, which right and remedies they had by virtue of such assumption agreement with Areawide.

Genuine issues of material fact remain as to whether appellants had become a surety by operation of law and, if so, whether the surety was released because of the

creditor's neglect, for consideration, to vigorously prosecute legal remedies. Code Ann. § 103-203. Cf. *First Nat. Bank of Blakely v. Chipstead,* 45 Ga. App. 113 (1) (163 SE 306), holding that a question of fact remained as to whether payment of certain money constituted consideration for an agreement to extend the time for repayment. Moreover, even if the alleged forbearance was not for consideration, appellants have urged special circumstances creating questions as to whether the creditor had increased the surety's liability by voluntarily withdrawing foreclosure proceedings. Compare *Trust Invest. &c. Co. v. First Ga. Bank,* 238 Ga. 309 (2) (232 SE2d 828).

Appellee failed to produce evidence which demanded a finding that as a matter of law the above defenses were untrue. (See Division 4 of this opinion.) Accordingly, the summary judgment must be reversed. *Hurston v. Dealers Service Plan, Inc.,* 141 Ga. App. 148 (2) (232 SE2d 641).

4. We reject appellee's contention that appellants' defense is rendered legally insufficient because Code Ann. § 67-1315 permits withdrawal of foreclosure proceedings prior to completion without prejudice to the right of the holder. That code provision does not eliminate fact questions as to whether the surety was discharged by reason of the withdrawal.

5. Because the grant of summary judgment was precluded for the reasons stated in Division 3, we need not examine whether alternative legal theories advanced by appellants would have also precluded summary judgment.

As to appellants' defense that fact questions remained as to whether a discharge of their obligation as surety was accomplished by appellee's acceptance of partial installment payments, and whether appellee thereby extended Areawide's payment schedule, compare *Alropa Corp. v. Snyder,* supra, and *Benson v. Henning,* 50 Ga. App. 492 (2) (178 SE 406), with *Holliday & Co. v. Poole,* 77 Ga. 159 (2).

*Judgment affirmed in part; reversed in part. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 25, 1978.

*Alembik & Alembik, Judith M. Alembik, Hirsch, Beil & Partin, Jacob Beil,* for appellants.

*Redfern, Butler & Morgan, E. Lee Redfern, Rex M. Lamb, III,* for appellee.