A89A1436. MACK v. THIRD BEDFORD-PINES APARTMENTS, LTD.
(389 SE2d 404)

CARLEY, Chief Judge.

1. This direct appeal is from the judgment in a dispossessory action wherein the total amount of rent due was found by the trial court to be $2,693, an amount which is certainly greater than $2,500. Despite the payment into the registry of the court by appellant and the

draw-down by appellee of a portion of this amount, $2,693 *was* the total amount in controversy because appellant had claimed entitlement to *all* such funds as he had paid in and had been drawn-down by appellee. See OCGA § 44-7-54 (c). Accordingly, appellee's motion to dismiss the appeal for appellant's failure to comply with the discretionary appeal provisions of OCGA § 5-6-35 (a) (3) is denied.

2. For the most part, appellant's enumerations of error require a consideration of the transcript of the proceedings before the trial court. However, no transcript has been filed and the clerk of the trial court has informed this court that there is no transcript of the proceedings to be filed. " 'It is well settled that, absent a transcript, we are bound to assume that the trial judge's findings are supported by competent evidence.' [Cit.]" *McClindon v. Wright*, 160 Ga. App. 348 (2) (287 SE2d 74) (1981).

3. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 2 but reach the ruling in Division 1, regarding jurisdiction, for a different reason.

During the pendency of the action, the trial court ordered the clerk to pay to the landlord those amounts of rent which had been paid into the registry by tenant and were not in controversy. This is provided for in OCGA § 44-7-54 (c) as a mechanism for retaining only those funds representing rent about which there is a dispute. By the time of trial there was only $507 in the registry, representing the amount which had been paid in by the tenant but was in dispute and thus subject to the court's judgment.

Based on the court's findings of fact, it concluded that plaintiff was entitled to the $507 plus $1,172. The judgment was entered for the latter amount only, plus costs, since plaintiff would receive $507 from the clerk as the final order directed and could not be given a judgment including that amount on which to levy. Thus the total amount in the controversy which the court had to resolve was $1,679, as defendant tenant had claimed that only $169 per month rent was due.

Consequently, the threshold amount for nondiscretionary appeals which is set out in OCGA § 5-6-35 (a) (3) is not met, and an application for appeal would be required but for the fact that the judgment also awards a writ of possession. The right to possession having been an additional issue resolved by the judgment appealed from, OCGA § 5-6-35 (a) (3) does not apply. *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457, 458 (339 SE2d 590) (1986). Contrary to appellant's argu-

ment, it is irrelevant that plaintiff, after the judgment was entered, did not obtain the writ to which it was entitled.

DECIDED DECEMBER 5, 1989.

James Mack, *pro se.*
*Wallace & deMayo, John L. Skelton, Jr.,* for appellee.