A90A1733. STAFFORD et al. v. STAFFORD.
(402 SE2d 71)

COOPER, Judge.

This case involves a claim by appellants, the ex-wife and daughter of decedent, John A. Stafford, against appellee, the brother of the decedent, as executor of the decedent's estate. Appellants are seeking to recover from the estate the payments that they personally made for the decedent's funeral expenses and certain medical expenses of the decedent prior to his death. Appellee paid the disputed sums into the probate court and moved the court to rule on the validity of the claims. A hearing, which was not transcribed, was held wherein a judgment was rendered against both appellants, and the moneys were ordered to be paid to appellee, as executor. Appellants appeal the judgment on the grounds that the court erred in denying reimbursement from the estate to the appellant daughter and/or to the appellant ex-wife for the sums they expended.

The facts as found by the trial court and as evidenced by the record are as follows: The decedent died on April 8, 1989, and on May 3, 1989, the appellant ex-wife (who was divorced from decedent in the early 1970s) was named the administratrix of the estate. In early June 1989, a will of the decedent, which named appellee as the executor,

was filed for probate, and the proper notice was served on the decedent's heirs at law. On June 26, 1989, appellee was named the executor and appellant ex-wife was discharged as administratrix. A notice to all debtors and creditors directing them to contact appellee as executor began publication on July 11, 1989, and appellants filed a claim against the estate on September 12, 1989, requesting reimbursement for funeral expenses paid jointly by appellants on or after late August 1989. Subsequently, appellant ex-wife submitted evidence of medical bills of decedent which she paid in September 1989. The evidence of these medical bills, however, is not in the official record before us and therefore will not be considered.

The trial court concluded that appellants had made voluntary and gratuitous payments which deprived the executor of the statutory duty to properly administer the estate, investigate claims or compromise such claims pursuant to OCGA § 53-7-93. The payments made by appellants were made well after appellant ex-wife was discharged from her duties as administratrix and well after the appointment of appellee as executor. The creditors were on notice of the appointment of the executor and the proper procedures for filing claims. Further, the court found that appellants acknowledged that they did not advise the executor or the attorney for the estate that they were going to pay the disputed bills. There is no evidence in the record as to the reasons appellants proceeded to pay the bills without contacting the executor or without referring the creditors to the executor or to the notice instructing them on the procedures for obtaining payment from the estate. Appellants argue in their brief that they made the payments at a time when the estate had no cash, and they could not ask the creditors to wait until the decedent's assets were liquidated. However, the trial court made no findings as a result of the hearing on any such reasons advanced by appellants.

The case cited by appellants to support their claim for reimbursement, *King v. Dalton*, 85 Ga. App. 641 (69 SE2d 907) (1952), is distinguishable in that the contested payments therein were made by the decedent's son at a time that no administrator had been appointed. Thus, the son, exercising his right to order his mother's funeral was entitled to be repaid by the estate once an administrator was appointed. In the instant case, all parties were aware that the executor had been duly appointed, and the record contains no explanation for the failure to submit the bills or refer the creditors to the executor. It has been repeatedly held that in the analogous situation where children or close relatives make a claim against an estate for the value of personal services rendered to the decedent, " 'where one person renders a service valuable to another which is accepted by the latter, he does so either under an express or implied promise of the recipient to such service to pay for the service, or the service is ren-

dered gratuitously. Among members of a family group the services of one member in caring for another member are presumed to have been gratuitously rendered. This presumption, however, may be rebutted by proof. . . .' [Cit.]" *Womble v. Womble,* 228 Ga. 10, 12-13 (183 SE2d 747) (1971). We find no proof or evidence that the payments made by appellants were not gratuitous. " ' "It is well settled that, absent a transcript, we are bound to assume that the trial judge's findings are supported by competent evidence." [Cit.]' " *Mack v. Third Bedford-Pines Apts., Ltd.,* 193 Ga. App. 838, 839 (2) (389 SE2d 404) (1989). Accepting the trial court's findings and discovering no evidence to contradict the conclusion that the payments by appellants were gratuitous, we find no error in the ruling of the trial court. Appellants' claim that they are entitled to payment under the theory of unjust enrichment is without merit because the payments at issue did not enhance the value of the estate. See *Lovin v. Poss,* 240 Ga. 848 (3) (242 SE2d 609) (1978); *Evans v. Evans,* 237 Ga. 549, 553 (228 SE2d 857) (1976).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

Decided February 1, 1991.

*Karen D. Barr,* for appellants.
*Donald B. Lowe III,* for appellee.