## A93A1360. MURRAY v. REESE.
(436 SE2d 79)

JOHNSON, Judge.

Hertize C. Reese was appointed executor of the estate of his sister, Isabelle Irvin following her death in 1983. Two parcels of land were the only assets of the estate. One parcel, left to Reese, was conveyed out of the estate. The other, left to the decedent's son, Wilton Irvin, remained in the estate until it was sold for unpaid taxes in 1988. The right to redeem expired in February 1990, and two months later the property was conveyed to Estella Murray, a Connecticut resident. The notice of bar of redemption was filed in the land records in

June 1991.

According to the terms of the will, funeral expenses and other debts were to be paid out of the estate, but since there were no liquid assets, Reese paid his sister's funeral expenses, some $3,000, with personal funds. In May 1992, nine years after Irvin's death, Reese brought this action against Murray and the property seeking to recover the $3,000 he had paid for funeral expenses and now claims was a loan to the estate. Murray filed a motion to dismiss for lack of personal jurisdiction which the trial court denied. We granted Murray's application for interlocutory review.

1. We will first address a motion to dismiss the appeal filed by Reese asserting that the appeal is premature. In her application for interlocutory review Murray presented a certificate of immediate review which stated that an order had been filed denying her motion to dismiss. In fact, a written order had not been filed. The trial court, after this court granted Murray's application for interlocutory review, entered a nunc pro tunc order to cure this deficiency in the record. Reese has now filed a motion to dismiss the appeal as premature relying on *Blackstone v. State*, 131 Ga. App. 666 (206 SE2d 553) (1974). It is clear from the certificate of immediate review that the trial court believed that an order had been entered in the case. "[T]he modern trend is toward relaxation of hypertechnical constructions which prevent appellate courts from reaching the merits of an appeal when notice came too early rather than too late. . . . The rule now is that if the notice is sufficient to advise the opposing party that an appeal is being taken from a specific judgment, and if no prejudice will result to the appellee in allowing the appeal, then the appeal should not be dismissed merely because the notice was premature." *Kenerly v. Yancey*, 144 Ga. App. 295, 296 (1) (241 SE2d 28) (1977). The filing of a notice of appeal does not divest the trial court of complete jurisdiction. *Strickland v. State*, 258 Ga. 764, 765 (1) (373 SE2d 736) (1988) citing *Waters v. State*, 174 Ga. App. 438, 439 (330 SE2d 177) (1985). The entry of the nunc pro tunc order was nothing more than a housekeeping measure correcting a deficiency in the record. It is clear that neither party has been prejudiced by the entry of the order nunc pro tunc. The motion to dismiss the appeal is denied.

2. Georgia's Long-Arm Statute, OCGA § 9-10-91 (4) states: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he owns, uses, or possesses any real property situated within this state." Reese also relies on *Hart v. DeLowe Partners, Ltd.*, 147 Ga. App. 715 (250 SE2d 169) (1978), in support of his argument that there is a basis for asserting personal jurisdiction in

Georgia in this case. A careful reading of *Hart*, however, reveals that it stands for the opposite proposition. The *Hart* case was a suit on a note executed in connection with the purchase of real estate in Georgia. It was the participation in a real estate transaction in this state which formed the basis for finding that personal jurisdiction existed over the non-resident defendants, not merely the fact that they had previously owned real property in the state. "[M]ere fact of title ownership of realty in Georgia will not support the exercise of personal jurisdiction. Jurisdiction must be predicated on the existence of ties among the defendants, this state, and the litigation, so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. [Cit.]" Id. at 717 (2) (C). In the instant case the only connection between the property owned by Murray and the claim asserted by Reese is that it was once an asset in an estate for which Reese served as executor. This tenuous connection would not give rise to the exercise of personal jurisdiction over a non-resident owner of real estate because the claim does not satisfy the requirement of OCGA § 9-10-91 that the claim arise out of the ownership of the property.

Reese argues that debts charged upon lands by a will attach and follow the land into the hands of all persons, and the value of the real property received would be more than sufficient to pay the debt allegedly owed. However, for the debt of an estate to be a charge upon a particular piece of real estate, the will must specifically identify the real property so burdened. In *Blanchard v. Gilmore*, 208 Ga. 846, 849 (69 SE2d 753) (1952), the court held that general provisions regarding payment of debts of the estate are not specific enough to create a charge upon any particular piece of real estate. See also *Harvey v. Greenfield*, 186 Ga. 192 (197 SE 276) (1938), in which the Georgia Supreme Court held that the charge upon land will follow unless the land was sold for the purpose of paying debts (i.e., taxes) of the testator. Any inchoate lien of the estate against the parcel for payment of funeral expenses, if any such lien ever existed, was extinguished upon the filing of the bar of redemption. See *Forrester v. Lowe*, 192 Ga. 469, 476 (15 SE2d 719) (1941).

As executor of the estate, Reese was in the best position to ensure that any amounts he "loaned" to the estate were repaid. Not having taken any steps to protect his claim, we can only assume that payment of his sister's funeral expenses was gratuitously rendered. See *Stafford v. Stafford*, 198 Ga. App. 450, 452 (402 SE2d 71) (1991). The fact that the parcel was once part of the estate does not create sufficient contacts to submit Murray, as owner of the parcel, to the personal jurisdiction of this state. The trial court erred in denying her motion to dismiss.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 22, 1993.

*Calhoun & Associates, Gregory V. Sapp*, for appellant.
*Rebecca C. Benton*, for appellee.