HON. ROBERT SATTER, JUDGE TRIAL REFEREE.
 

 The defendant Kimberlee Salatino moves to dismiss this foreclosure action on the grounds that this court lacks personal jurisdiction over her.
 

 Based upon affidavits submitted in support of and in opposition to this motion, the court finds the following facts. On May 31, 1983, the defendants Salatino and Kenneth P. Lane executed a promissory note and mortgage deed in favor of the plaintiff for $27,500 on certain land in East Hartford. The mortgage note and deed were executed by Salatino in Montgomery county, Pennsylvania and by Lane in Hartford county, Connecticut. Salatino and Lane occupied the subject premises from 1983 to 1985 when they moved to Massachusetts. They were divorced in Massachusetts in 1988. Pursuant to a separation agreement between Salatino and Lane, they executed a warranty deed on December 23, 1987, in Massachusetts, conveying the premises to Lane.
 

 The foreclosure complaint alleges that Lane is the owner of record and is in possession of the premises. Thus, jurisdiction over Salatino is needed not to obtain a foreclosure judgment b\it solely to obtain a personal judgment against her if a deficiency is found.
 

 At the time this action was initiated, Salatino lived in New York. She was served by the plaintiffs leaving of a verified copy of the writ, summons and complaint with the secretary of the state and by the plaintiffs mailing of a copy of the same addressed to Salatino at 308 E. 79th Street, New York, New York 10021, by certified mail, return receipt requested. The sheriff does not indicate in his return that the signed receipt of delivery
 
 *404
 
 was ever returned to him. Salatino does not assert the address is incorrect but avers that she never received a copy of the complaint. A New York lawyer, however, wrote on behalf of Salatino and Lane to the plaintiffs attorney requesting that the foreclosure be delayed and that his clients be given time to sell the premises.
 

 Salatino never appeared in the present action either pro se or with an attorney, except to make this motion to dismiss.
 

 Service by mail upon a person not residing in the state does not ordinarily give rise to personal jurisdiction over that person. Even if the nonresident has actual notice, that does not substitute for in-hand or abode service within the state. Actual notice may be a factor in establishing the validity of service to overcome a technicality, such as service being made by a constable to whom it was not directed;
 
 Miller
 
 v.
 
 Howell,
 
 14 Conn. Sup. 375, 376 (1946); but otherwise it is insufficient.
 

 As a consequence, in the present case, the plaintiff did not obtain personal jurisdiction over Salatino by mailing the legal papers to her, even if she had notice of them, unless service upon the secretary of the state pursuant to General Statutes § 52-59b
 
 [1]
 
 is valid.
 

 
 *405
 
 That statute provides that “a court may exercise personal jurisdiction over any nonresident individual . . . who . . . [transacts any business within the state” when service is made upon the secretary of the state and by mail upon the defendant at his last known address. General Statutes § 52-59b (a) (1). Here, Salatino does not contest service on the secretary of the state or by mail to her at her last known address, but contests the application of the statute to her on the ground that she did not do business in Connecticut.
 

 Zartolas
 
 v.
 
 Nisenfeld,
 
 184 Conn. 471, 440 A.2d 179 (1981), was an action by the plaintiffs for breach of warranties in a deed, where the deed was executed by the defendant in Iowa and service was made through the secretary of the state on the defendants in Iowa, pursuant to § 52-59b. Holding that the court had personal jurisdiction over the defendants, the court construed “transacts any business” in the state “to embrace a single purposeful business transaction,” such as “the
 
 *406
 
 execution of a warranty deed pursuant to a single sale of real property.” Id., 474. The court reasoned that “[t]he deed described the land as located here and designated it by reference to records located here. By owning land in Connecticut the defendants invoked the benefits and protection of Connecticut’s laws of real property, including as an incident of ownership the right to sell the property. If the defendants breached their warranties, the breach occurred because of acts committed here. The warranties in the deed clearly anticipate litigation in Connecticut, which is the only forum that can determine title to the Connecticut land. . . . Thus, the fundamental incidents of this warranty deed render the defendants’ purposeful execution of it a ‘transaction of any business within this state.’ ” (Citation omitted.) Id., 475-76.
 

 The seminal case of
 
 International Shoe Co.
 
 v.
 
 Washington,
 
 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945), established the constitutional due process requirement that “in order to subject a defendant to a judgment in personam, if he be not present in the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial practice.’ ” The court explained that there is no single mechanical or qualitative test to be applied, due process in each case depending on “the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.” Id., 319.
 

 No Connecticut case has held that the execution of a mortgage note and deed in another state, mortgaging land in Connecticut, constitutes transacting business in Connecticut within the meaning of § 52-59b.
 

 The clearest case in point is
 
 Hart
 
 v.
 
 DeLowe Partners, Ltd.,
 
 147 Ga. App. 715, 717, 250 S.E.2d 169 (1978), where
 
 *407
 
 the court held that the state of Georgia had personal jurisdiction over nonresident defendants who had executed a promissory note to purchase an apartment property, where the indebtedness was secured by a deed on the Georgia property. The defendants executed the note and the security deed in Washington state and mailed them to Georgia. They subsequently sold the property from Washington. The Georgia long arm statute provides for personal jurisdiction based on ownership, use or possession of property. Ga. Code Ann. (Rev. to 1981) § 24-113.1 (d), now § 9-10-91 (4). The court held that the fact that the defendants had sold the property before the action was commenced did not defeat the exercise of personal jurisdiction.
 
 Hart
 
 v.
 
 DeLowe Partners, Ltd.,
 
 supra, 716-17.
 

 The court held further that “[t]he mere fact of title ownership of realty in Georgia will not support the exercise of personal jurisdiction. Jurisdiction must be predicated on the existence of ties among the defendants, this state, and the litigation, so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . The instant case involves a suit on a note executed by nonresident purchasers for the purpose of becoming record title owners in improved Georgia realty. Since the note was executed by the nonresident purchasers with full knowledge that the note would be used in conjunction with, and an integral part of, a Georgia real estate transaction, a substantial enough connection with this state existed so as to make the exercise of jurisdiction on the nonresident defendants reasonable.” (Citation omitted.) Id., 717.
 

 The Georgia Court of Appeals explained the underlying rationale of
 
 Hart
 
 in
 
 Murray
 
 v.
 
 Reese,
 
 210 Ga. App. 352, 354, 436 S.E.2d 79 (1993) as follows: “The
 
 Hart
 
 case was a suit on a note executed in connection with
 
 *408
 
 the purchase of real estate in Georgia. It was the participation in a real estate transaction in this state which formed the basis for finding that personal jurisdiction existed over the non-resident defendants, not merely the fact that they had previously owned real property in the state.”
 

 The
 
 Hart
 
 decision is followed in
 
 Moore
 
 v.
 
 Lindsey,
 
 662 F.2d 354 (5th Cir. 1981), and in
 
 Bryan Mfg. Co.
 
 v.
 
 Harris,
 
 459 N.E.2d 1199 (Ind. App. 1984).
 

 In the present case this court is bound to construe the phrase “[transacts any business within the state” in § 52-59b “to embrace a single purposeful business transaction,” as the Supreme Court did in
 
 Zartolas
 
 v.
 
 Nisenfeld,
 
 supra, 184 Conn. 474. It cannot make a rational distinction between executing, out of the state, a warranty deed of land located within the state (as in Zartolas) and executing a mortgage deed, out of the state, covering land located within the state, as in the present case. The warranties in the warranty deed contemplate litigation in Connecticut for their breach, as the court pointed out in
 
 Zartolas,
 
 just as default by the Salatino and Lane on the mortgage in the present case contemplates action in Connecticut for foreclosure and deficiency judgment.
 

 This court cannot substitute its own notions of what constitutes “minimum contacts . . . ‘fair play and substantial justice’
 
 International Shoe Co.
 
 v.
 
 Washington,
 
 supra, 326 U.S. 316; for what higher courts of this and other states have etched into our law, and thus, is compelled to deny Salatino’s motion to dismiss.
 

 [1]
 

 General Statutes § 52-59b provides: “Jurisdiction of courts over nonresidents and foreign partnerships. Service of process, (a) As to a cause of action arising from any of the facts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or her executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character
 
 arising
 
 from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.
 

 
 *405
 
 “(b) Where personal jurisdiction is based solely upon this section, an appearance does not confer personal jurisdiction with respect to causes of action not arising from an act enumerated in this section.
 

 “(c) Any nonresident individual, or foreign partnership, or his or its executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual or foreign partnership, or his or its executor or administrator, may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual or foreign partnership personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary. The officer serving such process upon the secretary shall leave with the secretary, at the time of service, a fee of twenty-five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in any such action. The secretary of the state shall keep a record of each such process and the day and hour of service.”