[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised by the motion to dismiss before the court is whether this court has personal jurisdiction over nonresident defendants who, outside of Connecticut, execute a guaranty for a lease of Connecticut premises.
The material facts contained in the complaint are as follows. The plaintiffs, Frank R. Zemina and Ottie M. Zemina, own premises in North Branford, Connecticut which they leased to Petrol Plus, Inc., for the purpose of conducting office and warehouse operations including the storage and sale of lubricating oils. Subsequently, after the lease was extended, the plaintiffs and Petrol Plus, Inc., entered into an assignment of the lease to Petro-Lube, Inc. The obligations under the lease and assignment were guaranteed by George Rice and Dawn Rice (the defendants), who executed the guaranty in New York.
Thereafter, the plaintiffs allege, Petro-Lube, Inc. gave notice to them of its intention to terminate the lease and vacate the premises before the term of the lease expired. The plaintiffs claim that Petro-Lube, Inc. breached the lease and caused serious damage to the leased premises for which the defendants are liable.[1]
The deputy sheriff served the defendants by making substitute service on the Secretary of State of the state of Connecticut and sending them a copy of the summons and complaint by certified mail, pursuant to General Statutes § 52-59b(c). The defendants appeared and moved to dismiss the action on the basis that they are not amenable to the jurisdiction of this court.
"When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983). "The court's determination of the jurisdictional issue must be based CT Page 2810 only on the evidence presented at the hearing and the defendants' affidavits in support of the motion may not be considered as evidence to support their claims that the court lacks jurisdiction. Collins v. Scholz, 34 Conn. Sup. 501, 506 n. 2,373 A.2d 200 (1976)." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370,576 A.2d 603 1 CONN. L. RPTR. 139 (1990); see generally StandardTallow Corporation v. Jowdy, supra, 190 Conn. 53-56.
From the evidence adduced at the hearing and reasonable inferences therefrom, the court finds that the plaintiffs are owners of certain real property in North Branford, Connecticut. The plaintiffs leased this property to Petrol Plus, Inc. Subsequently, the defendant George Rice, an officer and director of Petro-Lube, Inc., came to Connecticut to negotiate with Petrol-Plus, Inc. for the sale of its assets, to discuss the assignment of the lease with the plaintiff Frank Zemina, and to discuss with Zemina his becoming an employee of Petro-Lube, Inc. The court infers from the evidence that Petro-Lube, Inc. is a close corporation. The Assignment and Assumption of Lease by Petro-Lube, Inc., together with the defendants' guarantee of the obligations therein, was later executed by the defendants in New York on October 11, 1995. The defendants executed the guarantee to induce the plaintiffs to agree to the assignment of that lease. Without the defendants' guarantee, the plaintiffs would not have agreed to the assignment. Indeed, the Assignment and Assumption of Lease provides, inter alia: "WHEREAS, as a condition to the Landlord's consent to this Assignment, the Guarantors agree to guarantee each and every obligation of the Assignee hereunder . . ."
"The analysis of the defendants' challenge to personal jurisdiction involves a two-part inquiry. The first inquiry is whether the applicable state longarm statute authorizes the assertion of jurisdiction over the defendants; and, if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process. Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905
(1986); United States Trust Co. v. Bohart, 197 Conn. 34, 38-39,495 A.2d 1034 (1985); Zartolas v. Nisenfeld, 184 Conn. 471,473-78, 440 A.2d 179 (1981) . . . Furthermore, the plaintiff bears the burden of establishing an adequate factual basis for personal jurisdiction over the defendants. Standard TallowCorporation v. Jowdy, 190 Conn. 48, 53-54, 459 A.2d 503 (1983)."Hart, Nininger Campbell Associates v. Rogers,16 Conn. App. 619, 624, 548 A.2d 758 (1988). CT Page 2811
 I
With respect to the first inquiry, the parties agree that the issue devolves to whether the defendants "transacted business" in Connecticut within the ambit of Connecticut's long-arm statute, General Statutes § 52-59b. General Statutes § 52-59b (a)(1) provides in relevant part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent . . . [t]ransacts any business within the state . . ."
In Zartolas v. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 179
(1981), the Supreme Court observed that "[t]he General Statutes do not define what the phrase `transacts any business' means in the context of § 52-59b. We note, however, that in enacting §52-59b, the legislature used New York Civil Practice Law § 302 (McKinney 1980-81 Sup. ) as a model. Gandolfo v. Alford,31 Conn. Sup. 417, 424, 333 A.2d 65 (1975); 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 26, p. 97 n. 318. We therefore find pertinent the judicial interpretation given to that New York statute. . . . In accord with that interpretation, we construe the term transacts any business' to embrace a single purposeful business transaction." (Citations omitted.) A "purposeful business transaction" is one in which the defendant has engaged in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. Doe v. American National RedCross, 112 F.3d 1048, 1051 (9th Cir. 1997). Drawing on New York jurisprudence, the Zartolas court also held that "[i]n determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within this state we do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Zartolas v. Nisenfeld, supra,184 Conn. 477; see Gaudio v. Gaudio, 23 Conn. App. 287, 298, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). The court inZartolas observed that the term "transacts any business" within §52-59b has a broader meaning than the term "transacts business."Zartolas v. Nisenfeld, supra, 184 Conn. 476 n. 4. Finally, the court held that the term "transacts any business" extended to the execution outside of Connecticut of a warranty deed to real estate in Connecticut. Id., 474, 478. CT Page 2812
First, it is significant that "[t]he property which was the focus of these business endeavors was located in Connecticut . . ." Sherman Associates, Inc. v. Kals, 899 F. Sup. 868,871 (D.Conn. 1995)[2]; see also Giger v. District Court,540 P.2d 329, 330 (Colo. 1975) (en banc.). Second, it is significant that the action of the defendants in guaranteeing the lease obligations induced the plaintiffs to consent to the assignment of the lease. Sherman Associates, Inc. v. Kals, supra, 899 F. Sup. 871
. Third, the assignment and accompanying guaranty provided that the agreement would be construed under the laws of the state of Connecticut. Such a choice of law provision is a factor to consider when making a determination as to whether in personam jurisdiction exists. Burger King v. Rudzewicz, 471 U.S. 462, 482,105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Citicorp International Trading v.W. Oil Refining Co., 708 F. Sup. 86, 89 (S.D.N.Y. 1989). Finally, this court finds relevant, although not necessary to the establishment of jurisdiction, that the assignee of the lease was a close corporation in which the defendant George Rice had a significant pecuniary interest. In effect, the defendants "gave their personal full faith and credit to the performance of the lease by the corporation and thereby became personally involved in the successful carrying out of this business transaction."Fisher v. Premier Realty Co., Inc., 298 So.2d 447, 449 (Fla.App. 1974), reh. den.
This court concurs with Judge Peter Dorsey's well reasoned opinion in Corporate Park Associates v. Goldstein, United States District Court, Civil No. H-89-173 (PCD) (D.Conn. Sept, 7, 1989), which is "on all fours" with the instant case. To paraphrase Judge Dorsey in Corporate Park Associates, at page 4:
 In all respects, the lease was a Connecticut lease. It pertained to Connecticut property and was to be entirely performed in Connecticut. Further, it was to be construed under the laws of the State of Connecticut. It would take little imagination to realize that litigation arising from such lease would take place in Connecticut. That the guaranty was executed in New York is not controlling. The court must focus on the "transaction's connection with Connecticut." [Zartolas v. Nisenfeld, supra, 184 Conn. 475]. [The defendants] guaranteed a lease of Connecticut property presumably to induce plaintiff[s] to enter into the lease with [Petro-Lube, Inc.] in CT Page 2813 which [they] had an ownership interest. Having executed a contract with ramifications exclusively in Connecticut, [the defendants] cannot now hide behind the state line of New York and the execution of the guaranty in that state. The execution of the guaranty is the "type of single purposeful business transaction' required to satisfy section 52-59b(a)(1)." Greene v. Sha-na-na, 637 F. Sup. 591, 595-96 (D.Conn. 1986), quoting Zartolas, 184 Conn. at 474.
Accord, American National Bank v. Centrig Industries, Inc.,
Superior Court, judicial district of New Haven, No. 337462 (December 10, 1993) (Hartmere, J.).
Finally, this court takes notice that a majority of jurisdictions favor the view that the execution outside the forum state of a guaranty of contractual obligations to be performed in the forum state is sufficient to confer in personam jurisdiction over the nonresident guarantors. Annot., "Execution, Outside of Forum, of Guaranty of Obligations Under Contract to be Performed Within Forum State As Conferring Jurisdiction Over Nonresident Guarantors Under `Long-Arm' Statutes or Rule of Forum," 28 A.L.R.5th 664 § 3 (1995), as supplemented.
It is to state the obvious to observe that Connecticut has a legitimate interest real estate transactions pertaining to land within its borders, and litigation arising therefrom. See SavingsBank of Manchester v. Lane, 44 Conn. Sup. 400, 405-406,690 A.2d 462 (1996); cf. Circuit-Wise, Inc. v. Commissioner of RevenueServices, 215 Conn. 292, 295-296, 576 A.2d 1259 (1990); RaltoDevelopers, Inc. v. Environmental Impact Commission,220 Conn. 54, 60, 594 A.2d 981 (1991); S. H. V. C., Inc. v. Roy,37 Conn. Sup. 579, 586, 428 A.2d 806 (App. Sess. 1981). The chronology of events confirms that the defendants action in guaranteeing the lease induced the plaintiffs to agree to the assignment of that lease to the defendants' corporation. The land is in Connecticut; the governing law, according to the parties' agreement, is that of Connecticut. This court therefore holds that "considerations of public policy, common sense, and the chronology and geography of the relevant factors"; Zartolas v. Nisenfeld, supra,184 Conn. 477; compel the conclusion that the defendants engaged in a "single purposeful transaction in Connecticut." Therefore, the defendants have transacted business in Connecticut within the ambit of General Statutes § 52-59b(a)(1), and this litigation arises out of that transaction of business.[3]
CT Page 2814
 II
In addition to satisfying the statutory requirements for the exercise of in personam jurisdiction, the plaintiffs must prove that the defendants' contacts satisfy the requirements of due process for the exercise of such jurisdiction. Frazer v. McGowan,198 Conn. 243, 246, 252, 502 A.2d 905 (1986); United States TrustCo. v. Bohart, 197 Conn. 34, 38-39, 495 A.2d 1034 (1985); Hart,Nininger Campbell Associates v. Rogers, 16 Conn. App. 619, 624,548 A.2d 758 (1988).
"`The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. Burger King Corp. v. Rudzewicz, [supra,471 U.S. 471-72]. The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. AsahiMetal Industry Co. v. Superior Court, 480 U.S. 102, 111-12,107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp. v.Rudzewicz, supra, [471 U.S.] 475-76; Hanson v. Denckla,357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)." Tri-StateTank Corp. v. Higganum Heating, Inc., 45 Conn. App. 798, 802-03,699 A.2d 201 (1997); see Thomason v. Chemical Bank,234 Conn. 281, 288, 661 A.2d 595 (1995). "[J]urisdiction may not be asserted `in such a way as to make litigation "so gravely difficult and inconvenient" that a party unfairly is at a "severe disadvantage" in comparison to his opponent.' Burger KingCorporation v. Rudzewicz, [supra, 471 U.S. 478]." United StatesTrust Co. v. Bohart, 197 Conn. 34, 42, 495 A.2d 1034 (1985). But "[a]s long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. McGee v.International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199,2 L.Ed. 223 (1957). Cashman v. Cashman, 41 Conn. App. 382, 389,676 A.2d 427 (1996)." Tri-State Tank Corp. v. Higganum Heating,Inc., supra, 45 Conn. App. 803. "The court must look at the totality of the party's conduct and connection with this state and determine whether the party could have reasonably anticipated being haled into court in Connecticut." Cashman v. Cashman,
CT Page 2815supra, 41 Conn. App. 389. "The specific facts of each case necessarily determine the outcome of a minimum contacts analysis. See Kulko v. California Superior Court, 436 U.S. 84, 92,98 S.Ct. 1690, 56 L.Ed.2d 132, reh. denied, 438 U.S. 908, 98 S.Ct. 3127,57 L.Ed.2d 1150 (1978)." United States Trust Co. v. Bohart,supra, 197 Conn. 42.
As discussed supra, the defendants purposefully directed their activities at the plaintiffs, residents of Connecticut, and at land situated in Connecticut. This litigation arises out of those activities. Moreover, there has been no grounds on which to find that the exercise by this court of jurisdiction over the defendants, residents of New York, would offend traditional notions of fair play and substantial justice. Therefore, it is proper for this court to assert jurisdiction over the defendants.Burger King Corp. v. Rudzewicz, supra, 471 U.S. 472.
The motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court