[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
Before the court is the defendants' motion to dismiss the plaintiff's complaint on the ground of lack of personal jurisdiction. The plaintiff, Pauline Minowski, filed a complaint on March 8, 2001, alleging in a single count that the defendants, Matthew Mirsky, Robert Sarosi, and the Chimney Store, Inc., were negligent and reckless. The plaintiff alleges that, on February 8, 1999, a vehicle driven by Mirsky and owned by Sarosi collided with her vehicle causing her to suffer injuries and property damage. The plaintiff further alleges that at the time of the accident, Mirsky was acting as an employee, agent, or servant of the Chimney Store, Inc., a New York corporation, and that Sarosi is the president of the corporation.
Pursuant to Practice Book § 10-30, the defendants filed a motion to dismiss the plaintiff's action on May 25, 2001, on the ground that the court lacks personal jurisdiction over them because the plaintiff improperly served them. The defendants filed a memorandum of law in which they assert that they did not reside at the addresses at which the CT Page 15846 plaintiff attempted to serve them. The defendants submitted a copy of the summons, the marshal's return and a copy of the accident report. (Defendants' Memorandum, Exhibits 1 2.) On June 11, 2001, the defendants filed a supplement to their motion to dismiss to which they attached the affidavit of Sarosi.
On June 21, 2001, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss in which she claims that she made proper service on the Chimney Store, Inc. under General Statutes §33-929 (b) via certified mail. In support of this argument, on June 21, 2001, the plaintiff's attorney filed an affidavit, in which he avers that as of the date of the motion to dismiss, the Chimney Store, Inc. was listed as an active and current corporation with Robert Sarosi as its secretary. The plaintiff argues that service on the Chimney Store also constituted proper service on Sarosi and Mirsky individually because they are agents, servants and employees of the corporation. In addition, the plaintiff contends that the defendants cannot contest the court's jurisdiction over them because they filed an appearance before they filed their motion to dismiss.
The defendants filed a reply to the plaintiff's objection on July 6, 2001, arguing that there is no evidence that the defendant Chimney Store, Inc. ever received service of process. They also assert that even if the plaintiff is correct in stating that General Statutes § 33-929
applies, the plaintiff has failed to meet that statute's requirements for proper service.
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation marks omitted.) Ferreira v.Pringle, 255 Conn. 330, 34647,766 A.2d 409 (2001).
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.)Kim v. Magnotta, 249 Conn. 94, 102, 733 A.2d 809 (1999).[1] The Supreme Court has recognized that "the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used."Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503
(1983). "When a motion to dismiss for lack of personal jurisdiction CT Page 15847 raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Id.
First, as to the plaintiff's procedural argument, the plaintiff's contention that the defendants are precluded from contesting the court's personal jurisdiction over them because the defendants filed an appearance is contrary to Connecticut practice. Practice Book § 10-30 provides, in pertinent part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." The defendants filed their appearance on May 11, 2001, and filed their motion to dismiss on May 25, 2001. Therefore, the defendants filed their motion to dismiss within the time provided by § 10-30.
Substantively, the defendants argue that they were not served at their last known addresses. Specifically, the defendants contend that the marshal's return contains an incorrect street address for Mirsky and the incorrect town for Sarosi. With regard to the Chimney Store, Inc., the defendants argue that the corporation never received process and that it was not in business at the time service was attempted on February 15, 2001. Mirsky and Sarosi allege that they never lived at the addresses indicated on the marshal's return. The plaintiff does not offer any evidence that the defendants were served at their last known addresses. Instead, she contends that the defendants' appearance in this matter indicates that they had notice of it and that service upon the Chimney Store, Inc., pursuant to General Statutes § 33-929, was sufficient and constituted proper service upon it and upon Mirsky and Sarosi in their individual capacities as agents of the corporation.
As to service upon the individuals, according to the marshal's return, he left the process with the Connecticut commissioner of motor vehicles on February 14, 2001, and sent a copy of the writ, summons and complaint via certified mail, return receipt requested to Mirsky at 7 Sherman Avenue, Plainview, New York 11803. According to the police report Mirsky's address is 9 Sherman Avenue, Plainview, New York 11803. (Defendants' Memorandum, Exhibit 2.) The marshal sent a copy of the relevant documents to Sarosi at 1123 Harrison Street, North Jerusalem Road, East Meadow, New York 11554. The police report and Sarosi's affidavit indicate his address is 1123 Harrison Street, North Bellmore, New York 11710. (Defendants' Memorandum, Exhibit 2.) On July 30, 2001, the marshal submitted an affidavit indicating that he never received any return receipt cards pertaining to service of process in this case. (Affidavit of George Hammel filed July 30, 2001.) In his affidavit, Sarosi states that the writ, summons and complaint were never served on CT Page 15848 him. Thus, it is undisputed that the defendants were not served at their last known addresses.
Several statutes provide methods for service upon nonresident defendants. Regardless of which statute a plaintiff selects, "[w]here a particular method of serving process is provided by statute, that method must be followed . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted.) Board of Education v. Local 1282,31 Conn. App. 629, 632, 626 A.2d 1314, cert granted in part, 227 Conn. 909,632 A.2d 688 (1993). Pursuant to General Statutes § 52-57a, "[w]hen service is authorized to be made outside Connecticut, the same methods of service may be used as those which are lawful within the state." Andersonv. Schibi, 33 Conn. Sup. 562, 567, 364 A.2d 853 (1976). General Statutes § 52-57 provides for two methods of in personam service on individuals within the state: (1) personal service, by actual manual delivery to the defendant himself or (2) abode service, by leaving a copy of the process at the defendant's usual place of abode. Smith v. Smith,150 Conn. 15, 19, 183 A.2d 848 (1962). In this case, the plaintiff does not contend that the marshal served the defendants personally or by abode service. Therefore, the court does not have jurisdiction over them pursuant to § 52-57a.
General Statutes § 52-59b provides that, a nonresident individual who transacts business within the state or commits a tortious act within the state, "shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of State and shall have the same validity as if served upon the nonresident individual . . . personally. The process shall be served by the officer to whom the same is directed upon the Secretary of State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of State." General Statutes § 52-59b (c). In this case, the evidence indicates that process was not served on the secretary of state or sent to the individual defendants at their last known addresses. Therefore, the court does not have jurisdiction over them pursuant to § 52-59b (c).
General Statutes § 52-62 provides another method for service upon nonresident defendants. Process in a civil action against a nonresident defendant for negligent operation of a vehicle "shall be served by the officer to whom the process is directed upon the Commissioner of Motor CT Page 15849 Vehicles by leaving with or at the office of the commissioner, at least 12 days before the return day of the process, a true and attested copy thereof, and by sending to the defendant . . . by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of service upon the commissioner, addressed to the defendant . . . at his last known address." General Statutes § 52-62 (c).
The plaintiff's method of service also fails to comply with the requirements of § 52-62. Although the marshal left the process with the office of the commissioner of motor vehicles, within the required time frame, the plaintiff did not send process to the defendants at their last known addresses. Therefore, the court does not have personal jurisdiction over the defendants under § 52-62. Flynn v. Citarella,
Superior Court, judicial district of New Haven at Meriden, Docket No. 258179 (September 10, 1997, DiPentima, J.).
The plaintiff's argument that service of process upon the Chimney Store, Inc., was sufficient to establish personal jurisdiction over Mirsky and Sarosi individually is without merit. "[M]ere notice of an action is not sufficient to confer personal jurisdiction over a nonresident defendant." Goldstein v. Fischer, 200 Conn. 197, 201,510 A.2d 184 (1986).[2] "Service by mail upon a person not residing in the state does not ordinarily give rise to personal jurisdiction over that person. Even if the nonresident has actual notice, that does not substitute for in-hand or abode service. . . ." Savings Bank ofManchester v. Lane, 44 Conn. Sup. 400, 402, 690 A.2d 462 (1996) (trial court granted defendant's motion to dismiss because service not made upon secretary of state even though service sent to plaintiff's current address). Thus, even if the corporation received process, this would be insufficient to confer jurisdiction over Mirsky and Sarosi because the plaintiff failed to comply with the requirements of §§ 52-57, 52-59b
and 52-62.
As to the Chimney Store, Inc., the marshal's return indicates that he mailed the relevant document to the secretary of the corporation on February 15, 2001. (Defendants' Memorandum, Exhibit 1.) The Chimney Store, Inc. contends that it never received service of process and that it went out of business on February 7, 2001, one week prior to the date the marshal attempted service. In his affidavit, Sarosi avers that the writ, summons and complaint were not served on the corporation. (Supplement to Motion to Dismiss.) In response, the plaintiff submitted an affidavit from her attorney in which he avers that on the date of service, the corporate information office for the New York secretary of the state indicated that the Chimney Store, Inc. was an "active and current" corporate business located at the address listed on the marshal's return. (Affidavit of Attorney Kennedy, filed June 21, 2001.) CT Page 15850 The plaintiff's attorney further avers that the corporate information office listed Mr. Robert Sarosi as the secretary of the corporation and that this information is also indicated on the marshal's return.
General Statutes § 33-929 provides procedures for service of process on foreign corporations. Section 33-929 (b) states that a foreign corporation "may be served by any proper officer . . . empowered to make service by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority . . . if the foreign corporation . . . [h]as no registered agent. . . ." To the extent that the Chimney Store claims it was not transacting business, § 33-929 (f) provides "[e]very foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising . . . out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." Pursuant to § 33-929 (g) "[i]n any action brought under subsection (e) or (t) of this section . . . service of process on such corporation may be made as provided in subsection (b) of this section, except that the service shall be addressed to the corporation at its principal office or, if it has no such office or the address of such office is not known, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process." "Service is effective under subsection (b) of this section at the earliest of: (1) The date the foreign corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the foreign corporation; and (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed." General Statutes § 33-929 (d).
The court finds that service of process was properly made on defendant Chimney Store, Inc. as a foreign corporation under § 33-929. The marshal's return and affidavit indicate that the marshal sent a copy of the writ, summons and complaint to the Chimney Store, Inc., directed to its secretary at 2463 North Jerusalem Road, East Meadow, New York 11554, the address listed by the New York secretary of state, via certified mail, return receipt requested as required by § 33-929 (g). Thus, the plaintiff has complied with § 33-929 and service was effective five days thereafter pursuant to § 33-929 (d)(3). Therefore, the court has personal jurisdiction over defendant Chimney Store, Inc.
Accordingly, the court grants the defendants' motion to dismiss as to the defendants Mirsky and Sarosi and denies the motion as to the Chimney Store, Inc. CT Page 15851
Skolnick, J.