Peter T. ZUYUS, Petitioner,

v.

NO'MIS COMMUNICATIONS, INC., Respondent.

No. 13–95–288–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 22, 1996.

Jose E. Chapa, Jr., Yzaguirre & Chapa, Thomas O. Matlock, Jr., McAllen, for petitioner.

Clyde R. McCormick, II, Soules & Wallace, San Antonio, for respondent.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and YANEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

No'Mis Communications, Inc. sued Peter T. Zuyus, for fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"). After Zuyus failed to answer, No'Mis Communications obtained a default judgment from which Zuyus failed to timely perfect an ordinary appeal. Zuyus requests that we review this case by writ of error. We grant in part and deny in part Zuyus's petition for writ of error.

No'Mis Communications filed suit against Zuyus and Ted Tompers on April 20, 1994. Tompers answered on August 25, 1994. When Zuyus did not file an answer, No'Mis Communications filed a motion for default judgment and a motion to sever. After a hearing, the trial court granted a default judgment against Zuyus and awarded No'Mis Communications actual damages of $163,676.00, exemplary damages of $327,352.00, and attorney's fees of $6,400.00. In addition, the court awarded pre-judgment and post-judgment interest, court costs, and attorney's fees in the event of an appeal. The trial court also granted the motion for severance.

■ The following four elements are necessary for review by writ of error: 1) the petition must be brought within six months of the date of judgment 2) by a party to the suit 3) who did not participate in the trial, and 4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982); Tex.R.App. P. 45. Zuyus has clearly met the first three ele-ments. By eleven points of error, Zuyus contends that error is apparent on the face of the record.

By his first point of error, Zuyus contends that the trial court erred in rendering a default judgment against him. Zuyus argues that the trial court lacked personal jurisdiction over him. Zuyus contends that he never received a copy of the process and notice required by Tex. Civ. Prac. & Rem.Code Ann. § 17.045.[1]

Zuyus was president of Voice Systems & Services, Inc. of Mannford, Oklahoma. Voice Systems, by and through its agents and employees, conducted business in Cameron County, Texas. After Voice Systems allegedly breached a contract, No'Mis Communications sued Zuyus and Voice Systems for negligent misrepresentation, fraud, and violations of the DTPA. No'Mis Communications alleged in its pleadings that Zuyus did not maintain a regular place of business in Texas and had not designated an agent for service of process within the state. No'Mis Communications asked that Zuyus be served with process by serving the Secretary of State of the State of Texas in accordance with Tex. Civ. Prac. & Rem.Code Ann. § 17.044.[2] The petition listed Voice Systems' business address as Zuyus's mailing address.

The record includes a certificate from the secretary of state certifying: 1) that he received two copies of the citation and petition on July 29, 1994; 2) that on July 29, 1994, he forwarded a copy of the process to Peter T. Zuyus, Rt. 3, Box 31, Cleveland, OK 74020, via certified mail, return receipt requested; and 3) that the process was returned to him on August 23, 1994, with the notation "unclaimed." The secretary of state's certificate

---

1. Section 17.045 states, in relevant part, as follows:

§ 17.045. Notice to Nonresident
(a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.
(d) The process or notice must be sent by registered mail or by certified mail, return receipt requested.

Tex. Civ. Prac. & Rem.Code Ann. § 17.045 (Vernon 1986).

2. Section 17.044 states, in relevant part, as follows:

§ 17.044. Substituted Service on Secretary of State
(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem.Code Ann. § 17.044(b) (Vernon 1986).

was filed with the clerk of the trial court on September 7, 1994. The trial court signed the default judgment on January 23, 1995.

■ In a writ of error proceeding directly attacking a default judgment, the record must affirmatively show that the trial court had jurisdiction over the defendant's person. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex.1973). To support a default judgment upon substituted service, the record must show: 1) that the pleadings allege facts, which if true, would make the defendant amenable to process and 2) that the defendant was, in fact, served in the manner required by law. *Whitney*, 500 S.W.2d at 95–96. Petitioner's arguments are directed only at the second prong.

Zuyus argues that the trial court did not have personal jurisdiction over him because the secretary of state's certificate shows that the notice was returned "unclaimed." Zuyus relies on *Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747 (Tex.App.—San Antonio 1992, no writ), to support his contention. Zuyus's reliance is misplaced.

In *Barnes*, the certificate did not indicate whether the secretary of state received the return receipt. Nor did the record reflect that the secretary of state was informed of the correct address. *Id.* at 750. The San Antonio Court of Appeals, following *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985), refused to presume that the secretary of state had the correct address. *Id.* Although the certificate in the instant case also fails to indicate that the return receipt was received, there is ample evidence in the record to show that the secretary of state sent the process to petitioner's home address. *See Barnes*, 840 S.W.2d at 750; *see also id.* at 751 (Peeples, J., concurring) (explaining that he would affirm if record indicated address relied on by secretary of state was correct).

The record shows that No'Mis Communications informed the trial court, in the motion for default judgment, that Zuyus's last known mailing address was Rt. 3, Box 31, Cleveland, OK 74020. No'Mis Communications also filed a "Certificate of Last Known Address" with the clerk of the trial court, in compliance with Tex.R. Civ. P. 239a, certify-

ing that Zuyus's last known mailing address was Rt. 3, Box 31, Cleveland, OK 74020. On March 1, 1995, Zuyus received a copy of the default judgment that the clerk of the court mailed to him at Rt. 3, Box 31, Cleveland, OK 74020.

After receiving notice of the default judgment, Zuyus could have filed a motion for new trial. *See* Tex.R. Civ. P. 306a(4). Instead, on March 23, 1995, Zuyus filed a special appearance objecting to the trial court's jurisdiction. Zuyus swore, in an affidavit attached to the special appearance, that his correct address was Rt. 3, Box 31, Cleveland, OK 74020. Zuyus also attached a letter from No'Mis Communications' attorney, dated June 15, 1994, addressed to him and delivered at Rt. 3, Box 31, Cleveland, OK 74020. The letter contained No'Mis Communications' final settlement offer and warned Zuyus that suit would follow if the case was not settled immediately.

On March 30, 1995, the trial court denied Zuyus's special appearance. Zuyus did not appeal the trial court's denial of the special appearance and did not appeal the default judgment. *See* Tex.R. Civ. P. 306a(4).

■ A showing in the record that the secretary of state forwarded a copy of the process is essential to establish the trial court's jurisdiction. *Id.* at 96. Absent fraud or mistake, a certificate from the secretary of state's office is conclusive evidence that the secretary of state received service of process and forwarded the process as required. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex.1986).

■ Because we find no evidence in the record of fraud or mistake, the secretary of state's certificate is conclusive evidence 1) that the secretary received service of process in accordance with Tex. Civ. Prac. & Rem. Code Ann. § 17.044 and 2) that the secretary, in accordance with Tex. Civ. Prac. & Rem.Code Ann. § 17.045, forwarded a copy of the process to Zuyus, via certified mail, to Rt. 3, Box 31, Cleveland, OK 74020. Zuyus admits that this address is correct. We hold that Zuyus's failure to claim the certified

letter did not deprive the trial court of personal jurisdiction over him.

We hold that Zuyus was served in the manner required by law and that the trial court had personal jurisdiction over him when it rendered the default judgment. We overrule petitioner's first point of error.

By his second point of error, Zuyus contends that the trial court erred in rendering the default judgment because the record affirmatively shows that he did not have notice of the lawsuit until March 1, 1995, when he received a copy of the judgment.

■ Lack of notice does not necessarily void a judgment. *Walker v. Brodhead,* 828 S.W.2d 278, 280 (Tex.App.—Austin 1992, writ denied). Due process requires only that the method of notice utilized be reasonably calculated, under the circumstances, to apprise an interested party of the pendency of the action and afford the party the opportunity to present objections. *Peralta v. Heights Medical Ctr.,* 485 U.S. 80, 84–85, 108 S.Ct. 896, 898–99, 99 L.Ed.2d 75 (1988). Notice should be by means "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Wright v. Wentzel,* 749 S.W.2d 228, 232 (Tex.App.—Houston [1st Dist.] 1988, no writ) (citing *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). When a letter is returned as "refused" or "unclaimed," the notice is sufficient if it is apparent that the address was valid and could be located by the postal office. *Wright,* 749 S.W.2d at 232; *see Barnes,* 840 S.W.2d at 751 (Peeples, J., concurring).

■ In the instant case, the secretary of state mailed a copy of the citation and petition to Zuyus's home address. This is consistent with due process because it is a method of notice reasonably calculated to apprise petitioner of the pending action. *See Morris v. State,* 894 S.W.2d 22, 25 (Tex.App.—Austin [14th Dist.] 1994, writ dism'd w.o.j.). We overrule petitioner's second point of error.

By his third point of error, Zuyus contends that the rendering of a default judgment was improper because he had no notice of the default hearing.

■ No'Mis Communications moved for default judgment because Zuyus did not file an answer. No advance notice of a hearing is required for a no-answer default judgment. *Clements v. Barnes,* 822 S.W.2d 658, 660 (Tex.App.—Corpus Christi 1991), *rev'd on other grounds,* 834 S.W.2d 45 (Tex.1992). We overrule petitioner's third point of error.

■ By his fourth point of error, Zuyus contends that the trial court erred by awarding damages that failed to conform to No'Mis Communications' pleadings. The trial court awarded No'Mis Communications actual damages of $163,676.00, exemplary damages of $327,352.00, and attorney's fees of $6,400.00. In addition, the court awarded No'Mis Communications pre-judgment and post-judgment interest, court costs, and attorney's fees in the event of an appeal.

After a default judgment is granted, the trial court must hear evidence of unliquidated damages. Tex.R. Civ. P. 243. Although a hearing was held in the instant case, and both parties cite to a statement of facts, the record before us does not include the statement of facts. In fact, the record does not even show that Zuyus requested a statement of facts. Without such evidence, we are unable to determine how the trial court arrived at its decision on damages.

We note that in addition to actual damages, the trial court awarded exemplary damages under the DTPA.[3] *See* Act of May 29, 1989, 71st Leg., R.S., ch. 380, § 2, 1989 Tex. Gen. Laws 1490, 1491 (amended 1995) (current version at Tex. Bus. & Com.Code Ann. § 17.50(b) (Vernon Supp.1996)).

No'Mis Communications concedes that its pleadings limited the amount of damages to $50,000, exclusive of interest and costs.[4] We sustain petitioner's fourth point of error and remand this case to the trial court for a new trial on the issue of damages only. *See Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex.1992).

**3.** The trial court awarded twice the amount of actual damages as exemplary damages.

**4.** No'Mis Communications' pleadings aver that "[t]he total amount in controversy in this cause of action is less than $50,000, exclusive of interest and costs."

By his fifth, sixth, seventh, ninth, tenth, and eleventh points of error, Zuyus challenges the legal and factual sufficiency of the evidence to support various findings made by the trial court.

We overrule petitioner's fifth, sixth, seventh, ninth, tenth, and eleventh points of error as they relate to allegations of fact set forth in the petition, other than those concerning unliquidated damages, because the allegations are deemed admitted by petitioner's failure to answer. *Holt Atherton*, 835 S.W.2d at 83.

The record does not contain the statement of facts from the hearing. In the absence of a statement of facts, every presumption must be indulged in favor of the trial court's judgment. *Stum v. Stum*, 845 S.W.2d 407, 416 (Tex.App.—Fort Worth 1992, no writ); *see Vasquez v. Vasquez*, 645 S.W.2d 573, 575 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal. *Stum*, 845 S.W.2d at 416; *see* Tex. R.App. P. 50(d), 53(k). Therefore, we overrule petitioner's fifth, sixth, seventh, ninth, tenth, and eleventh points of error as they relate to the trial court's findings on damages.

By his eighth point of error, Zuyus contends that the trial court erred in awarding a judgment against him personally because such a finding conflicts with the court's finding that he was acting as an employee of Voice Systems. Because petitioner has provided no argument or authorities on this point, we overrule the eighth point of error. *See* Tex.R.App. P. 74(f).

We GRANT Zuyus's petition for writ of error as it relates to damages. We REVERSE the trial court's judgment on damages and REMAND the case to the trial court for a new trial on damages only.

We DENY the remainder of Zuyus's petition for writ of error and AFFIRM the remainder of the trial court's judgment.