TRI-STATE TANK CORPORATION *v.* HIGGANUM HEATING, INC.
(AC 16379)

O'Connell, Lavery and Hennessy, Js.

Argued April 24—officially released July 22, 1997

*William Howard,* with whom was *Eric T. Kaplan,* for the appellant (plaintiff).

*Joseph S. Borkowski,* for the appellee (defendant).

LAVERY, J. The plaintiff, Tri-State Tank Corporation, appeals the judgment of the trial court dismissing its complaint against the defendant, Higganum Heating, Inc., for lack of personal jurisdiction over the defendant. On appeal, the plaintiff contends that the trial court improperly concluded that the state of Kansas did not have personal jurisdiction over the defendant when the plaintiff sought to enforce in Connecticut a judgment obtained in Kansas.

The following facts and procedural history are necessary for the disposition of this appeal. The plaintiff, a Kansas corporation having its principal place of business in Kansas City, Kansas, is engaged in the business of fabricating and selling oil delivery trucks. The defendant is a Connecticut corporation engaged in the business of selling and delivering home heating oil. The parties entered into a contract whereby the plaintiff was to fabricate a tank truck to the defendant's specifications. After the plaintiff had completed work on the truck, the defendant refused delivery of it.

The plaintiff subsequently instituted an action against the defendant in the District Court for Wyandotte County in Kansas. Joseph Bibisi, the High Sheriff of Middlesex County, served the writ and complaint in that action on J. Norman Comeau at the offices of Higganum Heating, Inc., in Haddam. Bibisi went to the defendant's offices and asked who was "in charge." Comeau informed Bibisi that the owner of the business, Clayton Forman, was "out on the road." Comeau also identified

himself as being "in charge of the office" and as having the authority to accept the service.

On February 13, 1996, the defendant failed to appear in the Kansas action and the plaintiff obtained a default judgment against the defendant in the amount of $8200 plus costs and interest.

On April 19, 1996, the plaintiff instituted the present action to enforce the judgment obtained in Kansas. The defendant responded by filing a motion to dismiss the plaintiff's action, asserting that the Kansas court did not have jurisdiction over the defendant. After conducting an evidentiary hearing, the trial court granted the defendant's motion to dismiss, stating: "Kansas had no personal jurisdiction over the defendant due to failure to serve the appropriate party as specified in the return of service and according to [Kansas Statutes] § 60-304 (e) (3). Therefore, Connecticut lacks subject matter jurisdiction over this action." This appeal followed.

The plaintiff's appeal centers on its contention that the trial court improperly concluded that, under Kansas law, Kansas did not have personal jurisdiction over the defendant. We agree with the plaintiff.

Our Supreme Court has held that issues regarding the jurisdiction of a foreign court are determined by the law of the foreign state. *Smith* v. *Smith*, 174 Conn. 434, 438, 389 A.2d 756 (1978). "[A] judgment presumes jurisdiction over the subject matter and over the persons. . . . To overcome this presumption, the burden of undermining the decree of a sister state 'rests heavily upon the assailant.' " (Citation omitted.) Id., 438.

We, therefore, look to the Kansas long arm statute, to determine whether proper service was effectuated in this case. Kansas Statutes Ann. § 60-308 (c) provides: "Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided

in subsection (b), may be made by serving the process upon the defendant outside this state, as provided in subsection (a) (2), with the same force and effect as though process had been served within this state . . . ." Kansas Statutes Ann. § 60-308 (a) (2), in turn, provides: "The service of process shall be made (A) in the same manner as service within the state, by any officer authorized to make service of process in this state or in the state where the defendant is served . . . ." Kansas Statutes Ann. § 60-304 (e) provides that service on a corporation or partnership may be made "(1) by serving an officer, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. . . ."

In the present case, Bibisi's affidavit states that when he arrived at the defendant's place of business he inquired as to who was in charge. Bibisi stated that Comeau identified himself as being in charge and freely accepted the service. Furthermore, at the evidentiary hearing, the defendant's president, Clayton Forman, admitted that he had received the process from Comeau. Forman also admitted that he had given the process to the defendant's lawyer, Joseph Borkowski. Therefore, since the sheriff left "a copy of the summons and petition at [the] business office of the defendant with the person having charge thereof," we conclude that proper service was effectuated on the defendant pursuant to Kansas Statutes Ann. §§ 60-304 (e) (2) and 60-308 (a) (2).

The defendant's reliance on the Uniform Enforcement of Foreign Judgments Act,[1] for the proposition

---

[1] General Statutes §§ 52-604 through 52-609.

that Connecticut cannot give "full faith and credit" to this default judgment obtained in Kansas, is misplaced. While default judgments are specifically excluded from the definition of "foreign judgments" under General Statutes § 52-604,[2] this action was brought as a common-law suit on a judgment and not as an action under the Uniform Enforcement of Foreign Judgments Act. Moreover, "[General Statutes] § 52-607[3] preserved the common-law right of a judgment creditor to bring an independent action on the judgment." *Seaboard Surety Co.* v. *Waterbury*, 38 Conn. Sup. 468, 470, 451 A.2d 291 (1982). The plaintiff, therefore, is not precluded from pursuing its common-law action on the Kansas judgment.

Having concluded that the requirements of the Kansas long arm statute have been satisfied, we shift our inquiry to whether the exercise of personal jurisdiction in this case comports with the principles of due process. "The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1984). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections

---

[2] General Statutes § 52-604 provides: "As used in sections 52-604 to 52-609, inclusive, 'foreign judgment' means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."

[3] General Statutes § 52-607 provides: "The right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint instead of proceeding under sections 52-604 to 52-609, inclusive, remains unimpaired."

of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. *Asahi Metal Industry Co.* v. *Superior Court*, 480 U.S. 102, 111–12, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); *Burger King Corp.* v. *Rudzewicz*, supra, 475–76; *Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 2 L. Ed. 223 (1957)." *Cashman* v. *Cashman*, 41 Conn. App. 382, 389, 676 A.2d 427 (1996).

Although the defendant contends that the Kansas court did not have in personam jurisdiction over it, the plaintiff met the requirements of Kansas Statutes Ann. § 60-308 (b), which was enacted by the Kansas legislature to extend the jurisdiction of Kansas courts to the fullest extent authorized by the due process clause of the fourteenth amendment. *Davis* v. *Grace*, 4 Kan. App. 2d 704, 709, 610 P.2d 1140 (1980). Kansas Statutes Ann. § 60-308 (b) provides in pertinent part: "Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts . . . (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state . . . ."

In the present case, the defendant initially contacted the plaintiff in Kansas for the manufacture of a custom tank truck to haul fuel oil. The defendant, on several occasions, contacted the plaintiff in Kansas concerning various details concerning the manufacture of the truck. The plaintiff eventually entered into an express contract

with the defendant, which was forwarded to the plaintiff's place of business in Kansas. The plaintiff assembled and manufactured portions of the truck in Kansas.

We hold that the defendant established sufficient contacts with Kansas when it entered into a contract with the plaintiff for the construction of a tank truck, which was to be at least partially constructed in Kansas. By initiating this business transaction, the defendant could have reasonably anticipated being amenable to legal proceedings in Kansas. We conclude that the due process clause is not violated because the defendant purposefully availed itself of the benefits and protection of the laws of Kansas.

We conclude, therefore, that the trial court improperly granted the defendant's motion to dismiss for lack of personal jurisdiction. On the basis of the evidence presented and the facts found by the trial court, we determine that sufficient service was effectuated and that the defendant had sufficient contacts with Kansas to subject it to personal jurisdiction in that state.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.