[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Bruce's Marble and Granite, Inc., has filed a complaint against the defendant, Johnson Marble Machinery, sounding in breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, and violations of CUTPA.
The defendant presents this motion to dismiss based on lack of personal jurisdiction.[1] Specifically, the defendant argues that it has insufficient contacts with Connecticut to support a Connecticut court's assertion of jurisdiction over it.
"A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." Standard TallowCorp. v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983).
In the present case, the parties agree on several facts. These facts are dispositive to the issue before the court. Therefore, a Standard Tallow hearing is not necessary. See Bardev. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988) ("[W]here . . . the motion is accompanied by affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . .").
The undisputed facts are as follows: CT Page 10068
The plaintiff is a Connecticut corporation with its principal place of business in Connecticut. The defendant is a California corporation with its principal place of business in California and has never been authorized to do business in Connecticut. A representative of the defendant and a representative of the plaintiff met at a trade show in Georgia, at which time the plaintiff's agent ordered a "bridge saw" from the defendant. Following the meeting in Georgia, a contract for the saw was sent from the defendant in California to the plaintiff in Connecticut, where the contract was signed by the plaintiff. After receiving the contract, the defendant shipped the saw to the plaintiff in Connecticut via an independent carrier. While on route, the carrier was involved in an accident and the saw was damaged.
"The grounds which may be asserted in [a motion to dismiss] are: . . . (2) lack of jurisdiction over the person. . . ." Zizkav. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985), citing Practice Book § 143.
"[T]he exercise of long arm jurisdiction in this state requires a two part inquiry: first, whether jurisdiction is permitted by the statute, and second, whether jurisdiction is permitted by the federal constitution." Thomason v. ChemicalBank, 234 Conn. 281, 295, 661 A.2d 595 (1995).
General Statutes § 33-929 (e) governs service of process on foreign corporations. It is the appropriate "long arm statute" to apply to the present case. General Statutes § 33-929 (e) states: "Every foreign corporation shall be subject to suit in this state, by a resident of this state, whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state[.] . . ."
The defendant concedes that this provision of the long arm statute was satisfied when the contract was executed in Connecticut by virtue of the plaintiff signing it in Connecticut. The focus of the defendant's argument, therefore, is whether the exercise of jurisdiction over the defendant "would comport with the due process requirements of the [Fourteenth] Amendment to the United States Constitution."
The law of in personam jurisdiction is well established. "The federal due process clause permits state courts to exercise in CT Page 10069 personam jurisdiction over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) Thomason v. Chemical Bank, 234 Conn. 281, 287,661 A.2d 595 (1995), citing International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "Either `specific' jurisdiction or `general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum." Thomason v. Chemical Bank, supra,234 Conn. 287-88.
General jurisdiction exists where "the defendant has had continuous and systematic general business contacts with the state." (Internal quotation marks omitted.) Thomason v. ChemicalBank, supra, 234 Conn. 288. In the present case, although there is some dispute over whether the defendant's contacts with Connecticut meet the requirements for general jurisdiction, the defendant's contacts comport with the requirements for specific jurisdiction.
"A state court will have `specific' jurisdiction over a nonresident defendant whenever the defendant has `purposefully directed' [its] activities at residents of the forum . . . and the litigation [has] result[ed] from alleged injuries that `arise out of or relate to' those activities. . . ." (Citations omitted; internal quotation marks omitted.) Thomason v. Chemical Bank,
supra, 234 Conn. 288. "[F]ederal courts have construed the words `arising out of' to require some sort of causal connection between the defendant's forum contacts and the plaintiff's injuries." Id., 287. "As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction." Tri-State Tank Corp. v. Higganum Heating, Inc.,45 Conn. App. 798, 803, ___ A.2d ___ (1997)
"The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice."Tri-State Tank Corp. v. Higganum Heating, Inc., supra,45 Conn. App. 802-3. CT Page 10070
The defendant created a substantial connection to Connecticut when it entered into a contract in this state, with a corporation registered and doing business in this state. A further connection was established when the defendant sent its product to the Connecticut corporation knowing full well that the product it was sending was intended to be used in this state. In other words, the defendant took action purposefully directed toward Connecticut. The exercise of jurisdiction based on these contacts does not offend "traditional notions of fair play and substantial justice." In Hill v. W.R. Grace Co., 42 Conn. Sup. 25,598 A.2d 1107 (1991), the court, in ruling on a defendant foreign corporation's motion to dismiss on the ground that Connecticut had no in personam jurisdiction over it, noted that the defendant "knew the machine [manufactured by the defendant outside Connecticut] was to be installed in Connecticut." Id., 33. Based largely upon this factor, the trial court denied the motion to dismiss and held that "[i]t was reasonable for [the defendant] to anticipate that it might be subjected to the jurisdiction of the courts in Connecticut." Id.
In the present case, the defendant, by sending its product to Connecticut for use in this state, should have anticipated being subjected to the jurisdiction of the courts in Connecticut should a legal dispute arise out of the subject transaction.
This court has personal jurisdiction over the defendant. Therefore, the defendant's motion to dismiss is denied.
D'ANDREA, J.