[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The nonresident defendants, D. Fred Smith and Stephanie Smith, have filed a motion to dismiss on the grounds that the court does not have personal jurisdiction over them. The plaintiffs, William W. Taylor and Laurel Fedor, have filed an objection thereto. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a CT Page 3931 matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
The nonresident defendants, who are residents of Michigan, argue that the court does not have personal jurisdiction over them under General Statutes § 52-59b, the Connecticut "long-arm" statute because they do not transact any business in Connecticut. Section 52-59b provides, in pertinent part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state. . . ." The term "transacts any business" has been construed to embrace "a single purposeful business transaction." Zartolas v. Nisenfeld, 184 Conn. 471, 474,440 A.2d 179 (1981). "In determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within this state we do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense and the chronology and geography of the relevant factors." Id., 477.
In Zartolas, the court found that the execution of a warranty deed in Iowa was nonetheless sufficient to constitute the transaction of business within the state of Connecticut. Id., 475. The court in Zartolas found relevant that: "The deed described the land as located here and designated it by reference to records maintained here. By owning land in Connecticut the defendants invoked the benefits and protection of Connecticut's laws of real property, including as an incident of ownership the right to sell the property. If the defendants breached their warranties, the breach occurred because of acts committed here. The warranties in the deed clearly anticipate litigation in Connecticut, which is the only forum that can determine title to Connecticut land." Id., 475-76.
Here, plaintiffs are suing the defendants based upon an alleged fraudulent transfer of land. Specifically, the plaintiffs allege that one of the defendants, Christine M. Taylor, conveyed a mortgage to the nonresident defendants D. Fred Smith and Stephanie Smith in order to avoid attachment of the property in a judgment. The mortgage deed at issue describes the land as CT Page 3932 located in Connecticut, was filed with the land records of the state of Connecticut and provides that Connecticut law governs the mortgage. The mortgage deed, therefore, anticipates litigation in Connecticut. Moreover, if there were a default on the mortgage, the nonresident defendants would bring any foreclosure action in Connecticut. See Citibank v. Bolona, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 105940 (September 20, 1990, Cioffi, J.) ("It is axiomatic that the Superior Court has jurisdiction over actions to foreclose mortgages on real property situated in Connecticut."). The defendants, therefore, by holding the mortgage, have invoked the benefits and protections of Connecticut law. Also, the defendants are holders of a promissory note that is secured by real estate located in Connecticut. Accordingly, the court finds that the cause of action arises out of a "single purposeful transaction" sufficient to constitute the "transaction of any business" under § 52-59b. See, e.g., Zeminav. Petrol Plus, Inc., Superior Court, judicial district of New Haven, Docket No. 128590 (March 3, 1998, Levin, J.) (the execution outside of Connecticut of a guaranty of a lease on Connecticut land constituted a single purposeful business transaction sufficient to satisfy the long-arm statute); TaxDeferred Investment, Inc. v. Bagley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336453 (September 23, 1997, Thim, J.) ("[t]he execution in Connecticut of a mortgage note and deed involving property located in Connecticut is such a single purposeful transaction" sufficient to satisfy the long-arm statute); Crestmont Federal Savings Loan Ass'n v.Clock Tower Cista Assoc. Limited Partnership, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 113341 (June 13, 1991, Lewis, J.) (the guaranty of a note secured by a mortgage deed on property in Connecticut constituted the transaction of business in Connecticut).
The defendants next argue that for a Connecticut court to exercise jurisdiction over them would violate the principles of due process. "The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. Burger King Corp. v. Rudzewicz, 471 U.S. 462,471-72, 105 S. Ct 2174, 85 L.Ed.2d 528 (1984). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise CT Page 3933 invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. Asahi Metal Industry Co. v. Superior Court,480 U.S. 102, 111-12, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987);Burger King Corp. v. Rudzewicz, supra, 475-76; Hanson v. Denckla,357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. McGee v. InternationalLife Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed. 223
(1957)." (Internal quotation marks omitted.) Tri-State Tank Corp.v. Higganum Heating, Inc., 45 Conn. App. 798, 802-3, 699 A.2d 201
(1997).
The nonresident defendants argue that they do not have sufficient contact with the state of Connecticut because they did not execute the mortgage deed, sign the promissory note or record the mortgage in the Connecticut land records. However, as discussed infra, the nonresident defendants, as holders of a mortgage deed, purposefully availed themselves of the benefits and protections of Connecticut law. See Citibank v. Bolona, supra, Superior Court, Docket No. 105940. Moreover, the defendants possess a security interest in Connecticut land. SeeRed Rooster Construction Co. v. River Associates, 224 Conn. 563,569, 620 A.2d 118 (1993).[1] "It is to state the obvious to observe that Connecticut has a legitimate interest [in] real estate transactions pertaining to land within its borders, and litigation arising therefrom." Zemina v. Petrol Plus, Inc., supra, Superior Court, Docket No. 128590. Accordingly, the court finds that it was reasonably foreseeable that the defendants would be haled into court in Connecticut in an action arising from the creation of the mortgage interest, and that the maintenance of the present suit does not offend traditional notions of fair play and substantial justice.
For the foregoing reasons, the motion to dismiss is denied.
HICKEY, J.