[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff; Hays, McConn, Rice Pickering, P.C., a Texas law firm, has brought an action in this court to enforce a default judgment for legal fees entered in Texas against the defendant, Auerbach, Pollak 
Richardson, Inc., a Connecticut corporation.[1] The following pertinent facts apply: the plaintiff communicated with the defendant by mail and telephone regarding the defendant's interest in obtaining legal representation from the plaintiff in a Texas federal court proceeding. Ultimately, the defendant hired the plaintiff to represent it in the Texas federal action. The terms of the agreement were contained in a letter dated June 6, 1996, from the plaintiff to the defendant. The defendant responded to the letter by mailing a $15,000 retainer check to the plaintiff in Texas. Thereafter, the plaintiff rendered legal services to the defendant and the parties engaged in extensive communications by telephone and mail regarding the defendant's case.
The defendant has filed an answer and three special defenses in this present case. The defendant's special defenses allege that: (1) the Texas court which rendered judgment lacked personal jurisdiction over the defendant; (2) process in the action was not served upon the defendant so as to give it notice of the action; and (3) the defendant is not known as "Auerbach, Pollack Richardson, Inc." as written in the caption of the Texas default judgment and, therefore, the judgment referred to in the plaintiff's complaint is against a party other than the defendant.
The plaintiff has moved (#104) for summary judgment on the ground that there is no genuine issue of material fact in dispute and this court must give full faith and credit to the Texas judgment. The defendant argues that its special defenses prevent this court from granting the plaintiff's motion for summary judgment. A motion for summary judgment CT Page 7878 shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
It is well established that "issues regarding the jurisdiction of a foreign court are determined by the law of the foreign state." Tri-StateTank Corp. v. Higganum Heating, Inc., 45 Conn. App. 798, 800, 699 A.2d 201
(1997); see also Smith v. Smith, 174 Conn. 434, 438, 389 A.2d 756
(1978). Therefore, this court will look to Texas substantive law in its analysis of whether the Texas court properly exercised personal jurisdiction over the defendant.
"A [Texas] court may assert personal jurisdiction over a nonresident defendant only if the requirements of both the [d]ue [p]rocess [c]lause of the fourteenth amendment to the United States Constitution and the Texas long-arm statute are satisfied. U.S. Const., amend XIV § 1;Tex. Civ. Prac. Rem. Code Ann. § 17.042 (Vernon 1997); HelicopterosNacionales de Colombia v. Hall, 466 U.S. 408, 413-14, 104 S.Ct. 1868,80 L.Ed.2d 404, 410 1984) . . . The Texas Supreme Court has consistently interpreted the long-arm statute as reaching as far as the federal constitutional requirements of due process will allow." (Citations omitted; internal quotation marks omitted.) LeBlanc v. Kyle, 28 S.W.3d 99,102 (Tex. 2000).
"Under the [d]ue [p]rocess [c]lause, a defendant must have certain minimum contacts with the forum such that maintaining suit there will not offend `traditional notions of fair play and substantial justice.'International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154,90 L.Ed. 95, 102 (1945) . . . A nonresident defendant that has purposefully availed itself of the privilege and benefits of conducting business in the foreign jurisdiction has sufficient contacts with the forum to confer personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462,475-76, 105 S.Ct. 2174, 85 L.Ed.2d 528, 542-43 (1985). However, a defendant should not be subject to the jurisdiction of a foreign court based on `random,' `fortuitous,' or `attentuated' contacts. Id." (Citations omitted.) Id. CT Page 7879
"The Texas Supreme Court has articulated a three-prong formula to ensure compliance with the federal standard: (1) there must be a substantial connection between the nonresident defendant and Texas arising from action or conduct of the nonresident defendant purposefully directed toward Texas; (2) the cause of action must arise out of or relate to the defendant's contacts with Texas (specific jurisdiction), or if not, the defendant's contacts with Texas must be continuing and systematic (general jurisdiction); and (3) assumption of jurisdiction must not offend traditional notions of fair play and substantial justice. In re S.A.V., 837 S.W.2d 80, 85 (Tex. 1992). Neither the Texas formula nor any other test for personal jurisdiction should be applied mechanically. Schlobohm v. Schapiro, 784 S.W.2d 355 (Tex. 1990)." (Internal quotation marks omitted.) Id.
"In determining the latter prong of the Texas formulation, due consideration should be given to (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. World-WideVolkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559,62 L.Ed.2d 490,498 (1980)." Id., 102-03. "Only in rare instances will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." Angelou v. African Overseas, 33 S.W.3d 269, 281
(Tex. 2000).
The Texas long-arm statute states in pertinent part that: "a non-resident does business in [Texas] if the non-resident: (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; or (2) commits a tort in whole or in part in this state." Tex. Civ. Prac. Rem. Code Ann. §17.042 (Vernon 1997). Furthermore, "[t]he broad language of the long-arm statute's `doing business' requirement permits the statute to reach as far as the federal constitutional requirements of due process will allow." Guardian Royal Exch. v. English China, 815 S.W.2d 223, 226 (Tex. 1991).
With respect to the first two prongs of the Texas standard for determining jurisdiction over a non-resident defendant, the plaintiff argues that under Texas law the defendant's contacts with Texas were sufficient to establish that the defendant purposefully directed its actions toward Texas. The plaintiff contends that minimum contacts were established because the defendant was doing business in the state by: CT Page 7880 entering into a contract to be performed in Texas; sending a $15,000 retainer check to the plaintiff in Texas; and actively communicating with the plaintiff about the representation while the plaintiff was in Texas. Consequently, the plaintiff argues that the Texas court has specific jurisdiction over the defendant arising from the defendant doing business in the state with the plaintiff and then not paying the plaintiff for its services. The defendant responds that the required minimum contacts are absent in the present case. The defendant contends that the plaintiff performed services in Texas, but that the defendant never purposefully availed itself of any Texas privileges.
In support of its position, however, the defendant attaches only the affidavit of Robert N. Drake, its senior vice president. While Drake states that the defendant lacks the required minimum contacts in Texas, Drake does not dispute in his affidavit the plaintiff's contentions that: (1) the defendant hired the plaintiff to represent it in the Texas action; (2) the defendant mailed a retainer to the plaintiff in Texas; and (3) all correspondence and activity by the plaintiff was done on the defendant's behalf while the plaintiff was in Texas. The court finds, therefore, that there is no genuine issue of material fact in dispute and that the defendant had sufficient minimum contacts with Texas for the Texas court to exercise personal jurisdiction. Moreover, the second prong of the standard is also satisfied as the Texas court had specific jurisdiction over the defendant because the cause of action arises out of the defendant's contacts with Texas. See Sydow v. Acheson Co.,81 F. Sup.2d 758, 767 (S.D.Tex. 2000) ("[B]ecause the alleged contracts envisioned Texas performance, the Court concludes that Defendants availed themselves of the privilege of conducting business in Texas and invoked the protections of Texas law, thereby meeting the requirements for specific jurisdiction . . .") This court finds, therefore, that the first two prongs of the Texas jurisdictional standard are satisfied.
As to the third prong of the Texas standard, the issue is whether the Texas court's exercise of personal jurisdiction over the defendant offended traditional notions of fair play and substantial justice. The plaintiff argues that the exercise of jurisdiction did not burden the defendant as the defendant could have reasonably expected to be sued in Texas if it breached its contract with the plaintiff. The defendant has not argued in its memorandum that the exercise of jurisdiction in this action offended traditional notions of fair play and substantial justice.
There is no evidence before this court that the defendant was burdened by the exercise of personal jurisdiction, or that the entering of judgment against the defendant was disruptive of the shared interests of both Texas and Connecticut in furthering substantive social policies. The CT Page 7881 exercise of personal jurisdiction over the defendant advanced both Texas' interest in protecting the plaintiff; and also the plaintiff's interest in securing convenient and effective relief. See LeBlanc v. Kyle, supra, 28 S.W.3d 102-03. Accordingly, the Texas court's exercise of personal jurisdiction over the defendant did not offend notions of fair play and justice, and the Texas court properly exercised personal jurisdiction over the defendant.
The plaintiff's second argument is that it is entitled to summary judgment because there is no genuine issue of material fact in dispute that service of process was served on the defendant and, therefore, that the Texas court had jurisdiction over the defendant. The plaintiff contends that pursuant to Texas statutory law,[2] service of process was served on the Texas secretary of state and, subsequently, the secretary of state sent a copy of the process to the defendant with a certified return receipt requested. Process was sent to the defendant's address as it was provided to the plaintiff by the Connecticut secretary of state's office. On September 11, 1999, the Texas secretary of state received the signed return receipt in its office. The plaintiff contends that because the secretary of state sent process to the defendant at its proper address, under the holding in Zuyus v. No'Mis Communications,Inc., 930 S.W.2d 743 (Tex. 1996), this is conclusive evidence that the Texas court had jurisdiction over the defendant. The defendant responds that service of process was never received and that the signature on the certified mail receipt is not that of any employee, officer or agent of the defendant. The defendant argues that it had no notice of the action and, therefore, the Texas court did not have jurisdiction over the defendant.
In Zuyus v. NoMis Communications, Inc., supra, 930 S.W.2d 743, the court held that "[a] showing in the record that the secretary of state forwarded a copy of the process is essential to establish the trial court's jurisdiction. . . . Absent fraud or mistake, a certificate fromthe secretary of state's office is conclusive evidence that the secretaryof state received service of process and forwarded the process asrequired." (Emphasis added.) Id., 746. This court finds that there is no evidence before it of any fraud or mistake. Consequently, because there is evidence that the Texas secretary of state sent the certified process to the correct address, as well as received the signed return receipt, there is no genuine issue of material fact in dispute and service was proper upon the defendant.
Finally, the plaintiff argues that it is entitled to summary judgment because there is no genuine issue of material fact in dispute that the plaintiff's action was brought against the proper party. The plaintiff argues that service was made at the proper address of the defendant as CT Page 7882 given by the Connecticut secretary of state and that the Texas action was clearly directed against the defendant, but that the name "Pollak" was misspelled and a "c" was added.[3] The plaintiff contends that the mistaken addition of one letter to a party's name is a "minor deviation" that does not change the identity of the party against whom the suit was brought. Additionally, the plaintiff asserts that the original letter of retention between the parties spelled "Pollak" properly, but that when the matter was prepared for court in Texas, "Pollak" was misspelled with the additional "c". The defendant does not respond in its memorandum to the plaintiff's argument, but Robert Drake asserts in his affidavit that the plaintiff is seeking to enforce a Texas judgment that is to be entered "against a similarly named defendant."
The defendant has failed to prove the existence of any genuine issue of material fact in dispute as it has not provided any countervailing evidence to prove that it is a misidentified defendant in the plaintiff's action. See supra, Appleton v. Board of Education 254 Conn. 209. Consequently, the defendant is a properly named party in the plaintiff's Texas action.
"[T]he full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." (Internal quotation marks omitted.) Phoenix Leasing, Inc. v. Kosinski, 47 Conn. App. 650,652, 707 A.2d 314 (1998). There is no genuine issue of material fact in dispute and, therefore, the Texas court had jurisdiction over the defendant. Consequently, the Texas default judgment is valid and the plaintiff's motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of June, 2001.
William B. Lewis, Judge T.R.