[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is an attempt to enforce a judgment entered after default for failure to appear in the Circuit Court for the 11th
Judicial Circuit in and for Miami-Dade County in Florida in the amount of seventy-four thousand three hundred eight dollars and eleven cents ($74,308.11), together with interest at the rate of 12 percent per year. The defendant has filed an answer, together with seven (7) special defenses.
The first of these is that the Florida judgment is void in that proper service was not effectuated on the defendant, and the defendant did not receive notice of the Florida action; second, the Florida judgment is void in that the Florida court did not have personal jurisdiction over the defendant; the third is that the plaintiff cannot maintain a court proceeding in Connecticut pursuant to Sec. 33-921 (a) of the General Statutes as it is a foreign corporation that transacts business in the state of Connecticut without a certificate of authority; fourth, that the Florida court lacked the power to grant the plaintiff the relief contained in the judgment in that the plaintiff's alleged retainer agreement was with another entity, Sandella's, Inc; fifth, that the Florida court lacked the power to grant the relief contained in the judgment in that the plaintiff has been paid in full for the value of all legal services rendered and costs incurred; sixth, that the Florida court lacked the power to grant the plaintiff the relief contained in the judgment in that there was a novation of any prior fee agreement by virtue of a letter of agreement between the parties under the date of December 17, 1999; and the seventh, that the Florida court lacked the power to grant the relief contained in the judgment in that it was based on fraud in that the plaintiff misrepresented that it was entitled to attorney's fees on an hourly basis on the February 25, 1999 fee agreement which was with Sandella's, Inc., a different entity, and such agreement expressly provided that fees would not be based on a hourly basis but rather would be payable at the rate of $6000 for services rendered each month. CT Page 11958
In addition to the special defenses, a counterclaim was filed by the defendant alleging violations of Connecticut Unfair Trade Practices Act as well as the Florida Deceptive and Unfair Trade Practices Act with respect to the plaintiff's billings and collections practices, including the implementation of its institution of the Florida action against the defendant. The defendant has, in addition, filed a motion for summary judgment as well as the instant motion to strike the answer, special defenses and counterclaim. The motion for summary judgment has not been heard, and this memorandum addresses the motion to strike only.
A motion to strike may be used to raise the legal sufficiency of a special defense to a cause of action. Passini v. Decker, 39 Conn. Sup. 20,21 (1983). It may also be used to challenge the sufficiency of a counterclaim. Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the contested pleading. Faulkner v.United Technologies Corp., 240 Conn. 576, 580 (1997). It is hornbook law that the court must construe the facts alleged in the contested pleading in the light most favorable to the pleader. Noble v. Marshall,23 Conn. App. 227, 229 (1990).
The Uniform Enforcement of Foreign Judgments Act in Connecticut provides expressly that a foreign judgment entitled to the full faith and credit in the state does not include a judgment ". . . obtained by default in appearance or by confession of judgment." Sec. 52-604 of the General Statutes. That being said, the Florida judgment, after default for a failure to appear, does not permit the party obtaining such judgment to bring an action here under the Uniform Enforcement of Foreign Judgments. Tri-State Tank Corp. v. Higganum Heating, Inc.,45 Conn. App. 798, 801-802 (1997). While the plaintiff cannot overcome the strictures of Sec. 52-604, it may, nevertheless, bring this litigation as a common law suit on a judgment.
Our law is rather clear that in an independent "common law" action to enforce a foreign judgment, a defendant may collaterally attack the foreign judgment by establishing facts that would render the judgment void. See Phoenix Leasing, Inc. v. Kosinski, 47 Conn. App. 650, 652-653
(1998); Rathkopf v. Pearson, 148 Conn. 260, 265 (1961). The burden of proving that a foreign judgment is void rests upon the party attacking that judgment. Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 57
(1990). It thus appears clear that the judgment relied upon is indeed subject to collateral attack and does not fall within the purview of Sec. 52-604. CT Page 11959
Success under Sec. 52-607 may well be beyond the plaintiff's reach when the issue of service of process is addressed. That issue is, however, left for another day, perhaps when the motion for summary judgment is considered by the court. To summarize, the court, having found that the plaintiff's attempt to proceed under the Uniform Enforcement of Foreign Judgments Act as provided by Sec. 52-604 of the General Statutes must fail under the terms of such statute, also finds that the plaintiff then must rely on a common law action to enforce a foreign judgment. Such action is certainly subject to collateral attack and not entitled to the benefit of the full faith and credit clause. In accordance with the foregoing, the motion to strike, as pleaded, must be and is hereby denied in its entirety.
 ____________________ Moraghan, J.T.R.
CT Page 11960