In re G.M., a minor child















NUMBER 13-02-00228-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

IN RE G.M., A MINOR CHILD.
                                                                                                                       

On appeal from the 94th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Castillo
Memorandum Opinion by Justice Hinojosa

          In this custody case, a jury found, and the trial court ordered, that appellant should
be appointed possessory conservator of G.M., a minor child, and that appellee, the child’s
father, should be appointed sole managing conservator. In nine issues, appellant, the
child’s mother, contends the trial court: (1) erred in claiming it had jurisdiction over the
matter; (2) improperly granted a partial summary judgment for appellee based on res
judicata; (3) improperly entered orders to invoke the Hague Convention on the Civil
Aspects of International Child Abduction; (4) improperly disregarded evidence of appellee’s
prior abuse; (5) erred in granting a writ of habeas corpus; (6) erred in setting a recusal
hearing on the same day that appellant filed a motion to recuse, and subsequently refusing
to grant the motion to recuse; (7) erred in denying her motion to interview and record child
in chambers; (8) improperly denied her due process; and (9) improperly entered a final
order that advanced the interests of appellee. We affirm. 
A. Background
          Because appellant did not file a reporter’s record, it is not part of the appellate
record. Accordingly, the appellate record consists only of the clerk’s record.
          On July 11, 1995, appellant filed an Original Petition in Suit Affecting the Parent-Child Relationship (“SAPCR”) in Nueces County, Texas, seeking sole managing
conservatorship of G.M. By a temporary order signed on July 24,1996, the trial court
appointed appellant temporary sole managing conservator of the child, appointed appellee
temporary possessory conservator of the child, and ordered that the legal domicile of the
child be established within the borders of the United States of America.
           On October 8, 1996, appellee filed a motion to modify the temporary order because
appellant had disappeared with the child. Appellee requested a writ of attachment and
asked the trial court to appoint him temporary sole managing conservator of the child and
appellant temporary possessory conservator of the child. On October 9, 1996, the trial
court issued a writ of attachment for G.M. On November 20, 1996, the trial court signed
an order modifying its prior temporary order and appointing appellee temporary sole
managing conservator of the child.
          On March 10, 1997, the trial court found that G.M. had been located in the country
of Sweden and that appellant’s removal of the child to Sweden violated Article 3 of the
Hague Convention on the Civil Aspects of International Child Abduction. On June 26,
2000, the trial court signed an order granting appellee’s application for a writ of habeas
corpus. 
          On December 4, 2000, appellee filed a motion for partial summary judgment,
asserting appellant had issued statements to the press that appellee and his older son
were child abusers. Appellee asked the court for a plea in bar regarding appellant’s
accusations of child abuse. On January 17, 2001, the trial granted appellee’s motion for
partial summary judgment. 
          A jury trial was held, and the jury returned its decision on July 25, 2001. The jury
found that appellee should be appointed sole managing conservator of the child and that
appellant should be appointed possessory conservator of the child. In its Final Order in
Suit Affecting the Parent-Child Relationship, signed on March 19, 2002, the trial court
appointed appellee as sole managing conservator of the child and appointed appellant as
possessory conservator of the child.
          On April 18, 2002, appellant filed a notice of appeal and an affidavit of indigence
and waiver of court reporter’s costs. Both appellee and the official court reporter, Mary
Lopez Buitron, filed a contest to appellant’s affidavit of indigence. On May 1, 2002, the trial
court heard and sustained appellee’s and the court reporter’s contest to appellant’s
affidavit of indigence. On that day, the trial court signed a written order sustaining the
contest. Appellant’s brief does not challenge the trial court’s order sustaining the contest
to her affidavit of indigence. Appellant did not file a copy of the reporter’s record with this
Court.



          An appellant has the burden to present a record to the appellate court that shows
the error about which the appellant complains. Zuyus v. No’Mis Comm., Inc., 930 S.W.2d
743, 748 (Tex. App.–Corpus Christi 1996, no writ). When no reporter’s record is filed, the
appellate court will indulge all presumptions in favor of the trial court’s findings. See id.;
see also Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam). Furthermore,
if no reporter’s record is filed, the appellate court will decide only the issues not requiring
a review of the reporter’s record. See Tex. R. App. P. 37.3(c); see also Office of Pub. Util.
Counsel v. Pub. Util. Comm’n, 878 S.W.2d 598, 599-600 (Tex. 1994) (per curiam).
          Appellant’s nine issues are not strictly questions of law and require us to review the
evidence presented. In the absence of a reporter’s record, we must presume that sufficient
evidence was introduced in the trial court to support the trial court’s order. See Schafer,
813 S.W.2d at 155; Zuyus, 930 S.W.2d at 748. Accordingly, we must overrule appellant’s
first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth issues.
          The trial court’s Final Order in Suit Affecting the Parent-Child Relationship is
affirmed.
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Concurring Memorandum Opinion by Justice Castillo.

Memorandum Opinion delivered and filed this
the 17th day of February, 2005.